IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 5, 2007 Session

## THOMAS MORROW, ET AL. v. RONNIE BULL, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 02C2245     W. Neil Thomas, III, Judge**

_____

**No. E2007-00606-COA-R3-CV  - FILED FEBRUARY 27, 2008**

_____

The tenants, who leased a newly-constructed house from the builder/owner, sued the builder/owner alleging, among other things, that the house was negligently constructed in that it was built on a site that unreasonably exposed the house to excessive moisture and with a deficient water runoff and drainage system.  The tenants sought compensation for personal injury and property damage allegedly caused by toxic mold in the house due to excessively wet basement walls.  The trial court granted the builder/owner summary judgment.  Upon review, we vacate the trial court's summary judgment based on our finding that genuine issues of material fact exist.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

John M. Wolfe, Jr., Chattanooga, Tennessee, for the Appellants, Thomas Morrow and Deborah Morrow, individually and as parents and next friends of minors Charles Morrow and Elizabeth Anne Morrow.

Douglas M. Campbell, Chattanooga, Tennessee, for the Appellees, Ronnie and Michelle Bull, individually and d/b/a Bull Construction.

**OPINION**

*I. Background*

Defendant Ronnie Bull, doing business as Bull Construction, constructed a residence in Chattanooga, Tennessee, completing it in the fall of 2000.  On February 1, 2001, Thomas and Deborah Morrow signed a lease-purchase agreement with Mr. Bull wherein the Morrows agreed to rent the house for two years with an option to purchase.  The Morrows moved in with their two children shortly thereafter; they were the first occupants of the house.

The home's unfinished basement, which was constructed of concrete blocks and had a concrete floor, was used by the Morrows for storage of their personal items. Both Mr. and Mrs. Morrow testified that the concrete blocks in a certain portion of the basement wall were frequently wet from top to bottom. The Morrows began to notice mold growing in the basement in early October of 2001. Mrs. Morrow testified that the mold infestation spread to cover the walls, including an interior partition wall, in the basement, and all over the family's personal items stored in the basement.

The mold turned out to be a particularly toxic variety. The Morrows' son, Charlie, contracted an infection from mold exposure that required hospitalization for five or six days and extensive medical treatment, including chemotherapy. Charlie missed months of school and has undergone continuing medical treatment. Upon the advice of their doctors, the Morrows vacated the house immediately, abandoning their infested personal belongings.

The Morrows brought this action against Bull Construction and Mr. Bull (collectively "Bull"), alleging that the Defendants negligently and carelessly selected a construction site that unreasonably exposed the house to excessive moisture, including groundwater and rainwater runoff, that the house had an inadequate water drainage system, and that it was inadequately waterproofed and/or weatherproofed. Bull answered and, following discovery, moved for summary judgment. The trial court granted Bull summary judgment, finding that the Morrows had presented insufficient proof that the house was constructed in a defective manner and that the mold was caused by defective construction.

## II. Issue Presented

The Morrows appeal, raising the issue, as restated, of whether the trial court erred in granting Bull summary judgment.

## III. Analysis

### A. Standard of Review

Summary judgments enable courts to conclude cases that can and should be resolved on dispositive legal issues. *See Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); **Airport Props. Ltd. v. Gulf Coast Dev., Inc.,** 900 S.W.2d 695, 697 (Tenn. Ct. App. 1995). They are appropriate only when the facts material to the dispositive legal issues are undisputed. Accordingly, they should not be used to resolve factual disputes or to determine the factual inferences that should be drawn from the evidence when those inferences are in dispute. *See Bellamy v. Federal Express Corp.,* 749 S.W.2d 31, 33 (Tenn. 1988).

To be entitled to summary judgment, the moving party must demonstrate that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; **Byrd v. Hall,** 847 S.W.2d at 210; **Planet Rock, Inc. v. Regis Ins. Co.,** 6 S.W.3d 484, 490 (Tenn. Ct. App. 1999). Summary judgment should not be granted, however, when a

genuine dispute exists with regard to any material fact. *Seavers v. Methodist Med. Ctr.,* 9 S.W.3d 86, 97 (Tenn. 1999); *Hogins v. Ross,* 988 S.W.2d 685, 689 (Tenn. Ct. App. 1998). Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Aghili v. Saadatnejadi,* 958 S.W.2d 784, 787 (Tenn. Ct. App. 1997). Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd*, 847 S.W.2d at 210; and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). A party seeking summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd* 847 S.W.2d at 214.

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See *Byrd* 847 S.W.2d at 215. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) provided by Rule 56.06 showing that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

Summary judgments do not enjoy a presumption of correctness on appeal. *See Nelson v. Martin,* 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County,* 938 S.W.2d 408, 412 (Tenn. 1997). Accordingly, when we review a summary judgment, we view all the evidence in the light most favorable to the non-movant, and we resolve all factual inferences in the non-movant's favor. *See Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox County Bd. of Educ.,* 2 S.W.3d 927, 929 (Tenn. 1999). A summary judgment will be upheld only when the undisputed facts reasonably support one conclusion - that the moving party is entitled to a judgment as a matter of law. *See White v. Lawrence,* 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995).

### *B. Negligent Construction*

The trial court's judgment was based on its conclusion that the proof presented by the Morrows was insufficient to establish a genuine issue of material fact regarding whether the house was negligently constructed, resulting in excessive water seepage and moisture exposure, and whether the mold infestation resulted from the negligent and deficient construction. Thus, we review the evidence presented in support of and opposition to summary judgment, keeping in mind the requirement that the evidence must be viewed in the light most favorable to the non-movants, the Morrows, and all reasonable inferences from the proof drawn in their favor. This review persuades us that the trial court erred in concluding that no genuine issues of material fact existed and in granting Bull summary judgment.

The Morrows' assertion that areas of the basement walls were frequently wet is supported by their deposition and affidavit testimony and the affidavit of their expert. Bull did not dispute the alleged existence and extent of the mold infestation in the house. Mrs. Morrow testified that the mold was a result of the excessive moisture in the underground basement walls, which came from ground moisture. The affidavit of Mr. Bull filed in support of summary judgment states the following in relevant part:

> The Morrows were the first people who occupied the house, and when they moved in everything was in perfect working order.
>
> To the best of my knowledge, there was no type of moisture or drainage problem at any time in the basement. The basement was constructed of concrete blocks and mortar by Crawford Masonry, and there was no running water in the basement.
>
> At no time prior to the lease of 1231 Cranbrook Drive to Tommy and Deborah Morrow did I have any knowledge that there was any type of moisture problem in the basement or any problem with drainage to or away from the house.

After the Morrows vacated the house, Mr. Morrow walked through and examined the basement with Joe Tiano, a former co-owner of a remodeling and repair business with approximately 30 years of experience in that field. Mr. Tiano testified by affidavit as follows:

> In early 2002, I received a call from Tommy [Morrow] where he informed me that the doctors believed Charlie's illness was due to toxic mold exposure and Tommy asked me to come and take a look at the house they were living in to check for possible sources of mold.
>
> I walked through the house with Tommy. In [the] basement, I found the presence of a substance that appeared to [be] mold in several places, including on the Morrows' personal items, on the exterior walls (including the cement blocks), on a partition wall, and on a piece of sheetrock on the basement floor.
>
> In the basement, the exterior walls appeared to be wet and I could see evidence of water seepage through the cement blocks on the exterior walls.
>
> Tommy asked me for my opinion as to construction flaws that could have caused the mold in the basement. I informed that the following items could have caused the mold:
>
> a. slope of the lot;
>
> b. location of the lot;

-4-

c. lack of drainage in the front yard – to keep water from running straight to the front of the house;

d. lack of French drains along the wall of the foundation and/or lack of properly functioning French drains;

e. inadequate waterproofing on the outside of the foundation wall along the front and sides of the house;

f. improper drainage of the driveway;

g. improper drainage of the retaining wall at the entry door to the basement;

h. possible lack of moisture barrier beneath the concrete slab;

i. lack of ventilation in entire basement.

The trial court ruled that Mr. Tiano's affidavit was insufficient to create a genuine issue of material fact, stating that "the affidavit does not point to any one condition which did cause the mold and, therefore, deals in possibilities, not probabilities." While Mr. Tiano's opinion as to potential causation of the mold infestation could have been stated with more certainty, it is clearly not so vague as to be completely discounted on a summary judgment determination. We note in this regard that all nine of the possible causes identified by Mr. Tiano involve defective or insufficient construction of the house. Generally speaking, "proximate causation is a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *McClenahan v. Cooley,* 806 S.W.2d 767, 775 (Tenn. 1991); *Hale v. Ostrow,* 166 S.W.3d 713, 718 (Tenn. 2005) (stating "[g]iven that the evidence on summary judgment must be viewed in the light most favorable to the plaintiff, however, the issue of causation, as well as the allocation of comparative fault, are determinations of fact to be made by the jury.").

Furthermore, this court, recently presented with a similar allegation of injury from toxic mold infestation due to excessive water runoff from new construction, stated the following in vacating summary judgment in the case of *Hardaway v. Hamilton County*:

> The combination of the expert and lay testimony clearly creates a genuine issue of material fact regarding whether water runoff from the school construction caused the mold growth under plaintiffs' home, especially when viewing the evidence in the light most favorable to plaintiffs.
>
> As our Supreme Court explained in a case involving negligent construction:

In *Casone v. State,* 193 Tenn. 303, 246 S.W.2d 22, 26 (1952), Justice Burnett taught us when expert testimony is necessary. The subject under examination must be one that requires that the court and jury have the aid of knowledge or experience such as men not specially skilled do not have, and such therefore as cannot be obtained from ordinary witnesses.

As the learned text writer points out, "the subject of expertise must be one that would not be comprehensible to jurors without the aid of an expert witness." Paine, Tennessee Law of Evidence, s 174. We do not perceive this to be such a case. The digging of ditches and the laying of cables are matters within the ken of ordinary laymen. The vagaries of the weather are matters of great concern and a topic of daily conversation among people generally, regardless of their background, profession, or station in life.

*Lawrence County Bank v. Riddle*, 621 S.W.2d 735, 737 (Tenn.1981). Similarly, here, plaintiffs were competent to testify that they experienced water problems at their home during construction of the school that they had never experienced before, and that some months after these water problems began, they noticed a foul odor emanating from underneath their house.

   &ast;    &ast;    &ast;

Moreover, plaintiffs can offer their opinion of the cause of the mold growth. See Tenn. R. Evid. 701, and when plaintiffs' testimony is coupled with the experts' testimony, it is clear that an issue of disputed material fact has been established that precludes summary judgment. A causal connection may be established by expert opinion combined with lay testimony. *White v. Werthan Industries,* 824 S.W.2d 158 (Tenn.1992).

*Hardaway v. Hamilton County,* No. E2006-01977-COA-R3-CV, 2007 WL 4207930, at *2 (Tenn. Ct. App. E.S., filed Nov. 29, 2007).   We reach a similar conclusion here – that upon this record, summary judgment was inappropriate.  The proof presented by the Morrows is sufficient to raise a genuine issue of material fact as to whether the newly-built house was negligently constructed, resulting in excessive moisture in the basement and the resultant toxic mold infestation.

### *IV. Conclusion*

       For the aforementioned reasons, the summary judgment of the trial court in Bull's favor is vacated and the case remanded for further proceedings consistent with this opinion. Costs on appeal are assessed to the Appellee, Ronnie Bull d/b/a Bull Construction.

_____
SHARON G. LEE, JUDGE