IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 6, 2005 Session


**SHIRLEY HALE v. ERWIN OSTROW, ET AL.**


**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. 302252 T.D.    Rita L. Stotts, Judge**

---

**No. W2003-01256-SC-R11-CV - Filed July 1, 2005**

---

We granted review to determine whether the property owners owed a duty to a person injured off the owners' property as a result of a hazard existing on the owners' property and if so, to determine whether the hazard was the cause of the injury. The trial court granted summary judgment to the defendant property owners, and the Court of Appeals affirmed. After carefully reviewing the record and applicable authority, we conclude that the defendants owed a duty of care to the plaintiff to ensure that the sidewalk was not obstructed by overgrown bushes and was passable. Viewing the evidence in the light most favorable to the plaintiff, there are genuine issues of material fact as to whether the defendants' breach caused her injury. We therefore reverse and remand for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Case Remanded to the Trial Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined. JANICE M. HOLDER, J., filed a concurring and dissenting opinion.

Stephen R. Leffler, Memphis, Tennessee, for the Appellant, Shirley Hale.

Gary R. Wilkinson and Matthew S. Russell, Memphis, Tennessee, for the Appellees, Erwin Ostrow and Rose Ostrow.

Minton P. Mayer, Memphis, Tennessee, for the Appellee, Max Ostrow.

# OPINION

## *Background*

The record on summary judgment contains the following facts, which we consider in the light most favorable to the plaintiff, the nonmoving party. On May 27, 1998, plaintiff Shirley Hale ("Ms. Hale") was walking home from a bus stop in Memphis, Tennessee. She had taken a different bus than usual and so was walking a route along a sidewalk that she did not normally travel. As she proceeded south on Mississippi Boulevard, a busy street, she noticed that the sidewalk ahead was blocked. Bushes protruding from 1073 Mississippi Boulevard had overgrown the sidewalk and had grown around a telephone pole located on the sidewalk, blocking Ms. Hale's way. Ms. Hale determined that she had to leave the sidewalk and enter the street in order to bypass the obstruction. She noticed that the sidewalk was "crumbled." As she left the sidewalk, but before she reached the bushes, Ms. Hale looked into the street to check for traffic. As she looked up, she tripped over a chunk of concrete and fell into the street. Ms. Hale's left hip was crushed in the fall, and she required extensive medical care.

The bushes that had overgrown the sidewalk were located in front of 1073 Mississippi Boulevard. That property, a vacant lot, was owned by the defendants Max Ostrow, Erwin Ostrow, and Rose Ostrow (collectively, "the Ostrows" or "defendants"). The crumbled sidewalk, and the spot where Ms. Hale actually fell, were located in front of 1063 Mississippi Boulevard. That property was not owned by the defendants.

Ms. Hale filed suit against the Ostrows in the Circuit Court for Shelby County, Tennessee, on theories of premises liability and public nuisance.[1] The Ostrows moved for summary judgment on the negligence claim, arguing that a property owner owes no duty of care to a person injured on another's property. Because Ms. Hale's injury occurred when she tripped on the sidewalk located in front of 1063 Mississippi Boulevard, rather than in front of the Ostrows' property at 1073 Mississippi Boulevard, the Ostrows argued that they owed no duty to Ms. Hale because she never entered their property. Moreover, they argued that her injury was caused by the defective sidewalk, not by the overgrown bushes.

The trial court granted summary judgment to the Ostrows without stating any grounds, and the Court of Appeals affirmed. The Court of Appeals held that Ms. Hale could not succeed on either a theory of premises liability or of public nuisance because she could not establish that the overgrowth was a proximate cause of her injury. The intermediate appellate court relied on the fact that Ms. Hale never actually reached the bushes before she fell. Judge Kirby dissented from the

---

[1] Ms. Hale also filed suit against the owner of 1063 Mississippi Boulevard, Edwin Brittenum, and the City of Memphis. After obtaining a default judgment against Brittenum, she voluntarily nonsuited that action. The trial court granted summary judgment to the City of Memphis. Ms. Hale does not appeal that ruling. Consequently, the Ostrows are the only remaining defendants.

Court of Appeals' opinion, arguing that there existed a genuine issue of material fact as to whether Ms. Hale had left the sidewalk and tripped because of her need to avoid the bushes.

We granted review.

## *Analysis*

A party is entitled to summary judgment if he or she establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Penley v. Honda Motor Co., 31 S.W.3d 181, 183 (Tenn. 2000); see also Tenn. R. Civ. P. 56.04. In reviewing a motion for summary judgment, the Court must examine the evidence and all reasonable inferences from the evidence in a light most favorable to the non-moving party. Webber v. State Farm Mut. Auto. Ins. Co., 49 S.W.3d 265, 269 (Tenn. 2001). We review the trial court's ruling de novo. Id.

A negligence claim requires proof of the following familiar elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. Coln v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998). We will review the contested elements in turn.

## Duty

The existence of a duty is a question of law. Coln, 966 S.W.2d at 39. To determine whether a particular defendant owes a duty of care to a particular plaintiff, we balance the foreseeability and gravity of the potential harm against the feasibility and availability of alternatives that would have prevented the harm. Id.; see also Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998). "Although all the balancing considerations are important, the foreseeability prong is paramount because '[f]oreseeability is the test of negligence.'" Biscan v. Brown, 160 S.W.3d 462, 480 (Tenn. 2005) (quoting Doe v. Linder Constr. Co., 845 S.W.2d 173, 178 (Tenn. 1992)).

The Ostrow defendants argue that because Ms. Hale was not on their property at the time she fell, they did not owe her a duty of care. Ms. Hale notes that the Ostrows do not deny that they failed to trim the bushes or that the bushes were blocking the sidewalk; nor do they argue that a property owner does not owe a duty of care to passersby on the sidewalk. The Ostrows simply argue that the duty does not attach until a plaintiff enters the defendant owner's property. They argue that there is no evidence that they were responsible for the broken concrete and that they did not have a duty to inspect the adjoining property for defects.

We have little difficulty in concluding that as property owners, the Ostrows owed a duty of care to Ms. Hale as a passerby to ensure that the sidewalk was not obstructed by overgrown bushes and was passable. In our view, the foreseeability and gravity of potential harm to a pedestrian clearly outweighed the burden to prevent the harm. It was entirely foreseeable that overgrown bushes emanating from the Ostrows' property which obstructed the sidewalk would impede pedestrians

using the sidewalk. It was also foreseeable that a pedestrian would be forced to go around the obstruction, as Ms. Hale alleges that she was required to do here, and that the detour could result in an injury to the plaintiff. The burden in preventing the harm, however, was minimal—simply trimming or removing the bushes.

Moreover, the record contains an affidavit from a Street Maintenance Administrator for the City of Memphis stating that it is the property owner's responsibility to maintain sidewalks and shrubs. See also Code of Ordinances, City of Memphis § 34-127 (2003) ("It shall be a misdemeanor to permit shrubbery, hedges, or foliage of any kind to project over sidewalks or walkways so as to interfere with the free use of such sidewalks or walkways by pedestrians."); id. at § 34-118(b) (duty of every property owner "to keep clean and open for public passage all public sidewalks or walkways abutting on or adjacent to such property . . ."); id. at § 34-120 (owner must keep sidewalks "free from mud, weeds, grass, noxious growth . . .").

The Ostrows argue that because the overgrown bushes were a "natural," rather than a man-made or artificial, feature of the landscape, they did not have a duty to remove the bushes from the sidewalk. The Ostrows rely on and urge us to adopt the common-law rule that a possessor of land is not liable for "physical harm caused to others outside of the land by a natural condition of the land." Restatement (Second) of Torts, § 363(1) (1965). We do not believe, however, that the distinction between natural and man-made features is relevant to our analysis. As the California Supreme Court has observed,

> the distinction between artificial and natural conditions, and the immunity from liability predicated on that distinction, bears little relationship to the major factors which should determine whether immunity should be given the possessor of land for harm done by a natural condition of the land. The foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered . . . and the extent of the burden to the defendant and the consequence to the community of imposing a duty to exercise care have little, if any, relationship to the natural, as opposed to artificial, origin of the condition causing harm.

Sprecher v. Adamson Cos., 636 P.2d 1121, 1128 (Cal. 1981) (citation omitted). In our view, moreover, the distinction between natural and artificial conditions is particularly ill-suited to the urban setting, where all property is altered from its "natural" state. We refuse to recognize a rule that would relieve from liability a landowner who neglects his property. Distinguishing between natural and artificial conditions in an urban setting "creates the anomalous situation of imposing liability on a landowner who improves and maintains his property while precluding liability of a neighboring landowner who allows the 'natural condition' of his property to run wild." Harvey v. Hansen, 445 A.2d 1228, 1231 (Pa. Super. Ct. 1982); see also Whitt v. Silverman, 788 So. 2d 210, 222 (Fla. 2001)

(rejecting distinction between natural and artificial conditions in favor of foreseeability analysis for determining duty of landowner).

Causation

As we often recite, a negligence claim requires proof of two types of causation: causation in fact and proximate cause. "Causation [in fact] and proximate cause are distinct elements of negligence, and both must be proven by the plaintiff by a preponderance of the evidence." Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). Cause in fact and proximate cause are "ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." Haynes v. Hamilton County, 883 S.W.2d 606, 612 (Tenn. 1994) (citing McClenahan v. Cooley, 806 S.W.2d 767, 775 (Tenn. 1991)).

The defendant's conduct is the cause in fact of the plaintiff's injury if, as a factual matter, it directly contributed to the plaintiff's injury. In a case such as this one, we must ask whether the plaintiff's injury would have happened "but for" the defendants' act. See Wood v. Newman, Hayes & Dixon Ins. Agency, 905 S.W.2d 559, 562 (Tenn. 1995). If not, then the defendants' conduct is a cause in fact of the plaintiff's injury. It is not necessary that the defendants' act be the *sole* cause of the plaintiff's injury, only that it be *a* cause.

Viewing the facts in the light most favorable to Ms. Hale, there is a genuine issue of material fact as to whether the overgrown bushes on the Ostrows' property were a cause in fact of her injury. Ms. Hale stated in her deposition that the bushes had completely overgrown the sidewalk, that she determined that she could not bypass the bushes on the sidewalk, and that she therefore decided to leave the sidewalk and step into the street. As she did so, she looked up to check for traffic and tripped over the broken sidewalk. But for the bushes overgrowing the sidewalk, Ms. Hale would not have looked up to check for traffic, as she would not have needed to step into the street. Might she nevertheless have tripped over the concrete and suffered the same injury? Indeed she might have. Given that the evidence on summary judgment must be viewed in the light most favorable to the plaintiff, however, the issue of causation, as well as the allocation of comparative fault, are determinations of fact to be made by the jury.

Once it is determined that the plaintiff's injury would not have happened but for the defendants' breach of duty, the next question is whether the defendants' breach was a proximate cause of the plaintiff's injury, which is very different from a cause in fact of the injury. Proximate cause puts a limit on the causal chain, such that, even though the plaintiff's injury would not have happened but for the defendants' breach, defendants will not be held liable for injuries that were not substantially caused by their conduct or were not reasonably foreseeable results of their conduct. Haynes, 883 S.W.2d at 612. "Thus, proximate cause, or legal cause, concerns a determination of whether legal liability should be imposed where cause in fact has been established." Kilpatrick, 868 S.W.2d at 598.

Having determined that there exists a genuine issue of material fact as to whether the overgrown bushes on the Ostrows' property were a cause-in-fact of Ms. Hale's injury, we must ask whether there is a genuine issue as to whether they were also a proximate cause. The Court of Appeals held that, in light of Ms. Hale's testimony that she never encountered the bushes or stepped into the street to avoid the bushes, the bushes were not a proximate cause of her injury. We note, however, that the question the Court of Appeals was actually answering was whether the bushes were a *cause in fact* of her injury, because the appellate court essentially decided that her injury would still have occurred even if not for the bushes. As we have explained, we disagree with the Court of Appeals' conclusion that the bushes were, as a matter of law, not a cause in fact of Ms. Hale's injuries.

Proximate cause is addressed with a three-pronged test:

> (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.

Haynes, 883 S.W.2d at 612 (quoting McClenahan, 806 S.W.2d at 775).

Viewing the facts in the light most favorable to Ms. Hale, there is a genuine issue of material fact as to whether the bushes were a substantial factor in her fall, and as to whether the harm to her was foreseeable. Even though it might not have been foreseeable that a pedestrian would trip on broken concrete in going around the bushes, the injury was nevertheless of the type to be expected from permitting bushes to overgrow the sidewalk. See, e.g., United Novelty Co. v. Daniels, 42 So. 2d 395, 396 (Miss. 1949). In this instance, there is no rule or policy that should relieve a landowner from liability for permitting vegetation to overgrow a public sidewalk. To the contrary, there are a number of rules against it, i.e., the Memphis ordinances requiring property owners to keep sidewalks clear and free of overgrowth. Accordingly, the determination of whether the overgrown bushes were a proximate cause of Ms. Hale's injury is a question of fact for the jury.

### *Conclusion*

Having carefully examined the record and the applicable authority, we reverse the decisions of the trial court and the Court of Appeals granting summary judgment to the defendants. We conclude that the defendants owed a duty of care to the plaintiff to ensure that the sidewalk was not obstructed by overgrown bushes and was passable. Viewing the evidence in the light most favorable to Ms. Hale, there are genuine issues of material fact as to whether the Ostrows' breach of their duty of care caused her injury. We therefore remand the case to the trial court for further proceedings. We note that the Ostrows moved for, and the trial court granted, summary judgment as to Ms. Hale's

negligence claim only. As to the public nuisance claim, we note that apparently in deciding the proximate cause issue the Court of Appeals rejected the public nuisance claim as well. We reverse and remand to the trial court. Costs are taxed to the defendants-appellees, Max Ostrow, Erwin Ostrow, and Rose Ostrow, for which execution may issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE