*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0158p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

KAREN S. BARNES,

*Plaintiff-Appellant,*

v.

No. 06-6061

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 04-00489—Thomas Varlan, District Judge.

Argued: April 18, 2007

Decided and Filed: May 4, 2007

Before: ROGERS and COOK, Circuit Judges; GWIN, District Judge.[*]

———————————

**COUNSEL**

———————————

**ARGUED:** James H. Ripley, SHARP & RIPLEY, Sevierville, Tennessee, for Appellant. Loretta S. Harber, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** James H. Ripley, SHARP & RIPLEY, Sevierville, Tennessee, Bruce T. Hill, HILL & FRANKLIN, Knoxville, Tennessee, for Appellant. Loretta S. Harber, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge. Karen Barnes fell when taking off her shoes before going through airport security, allegedly because of the negligence of the Transportation Security Administration (TSA) in not providing her a chair. She sued under the Federal Tort Claims Act (FTCA). The district court granted the Government summary judgment, and we affirm because Barnes has not provided sufficient evidence of negligence.

In 2002, Barnes fell and injured her wrist when she attempted to remove her open-back clogs while going through security at Knoxville's McGhee Tyson Airport. There was no chair available in the passenger screening area at the time of Barnes's injury.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Barnes, after following the appropriate administrative steps, filed suit in district court against the United States, alleging that the failure to place a chair near the passenger screening area amounted to negligence, resulting in her fall and injury. The district court granted the Government's motion for summary judgment, concluding that the TSA had no duty to provide a chair.

Because Barnes's fall was not foreseeable and because the TSA met its burden to provide a safe environment in which passengers could remove their shoes, the TSA did not have a duty to provide a chair and was not negligent for failing to do so. To state a claim for negligence under Tennessee law, as in most states, a plaintiff must show that the defendant owed a duty of care to the plaintiff and that the defendant's conduct fell below the standard of care amounting to a breach of that duty. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005).

The district court properly determined that Barnes presented no facts which would suggest that her injury was sufficiently foreseeable to warrant liability under Tennessee tort law. In determining whether a particular defendant owes a duty of care to a particular plaintiff, the Tennessee courts "balance the foreseeability and gravity of the potential harm against the feasibility and availability of alternatives that would have prevented the harm." *Id.* "The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility . . . ." *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1995). Although Barnes maintains that a material issue of fact exists regarding the foreseeability of her falling while removing her shoes, the record establishes that, of the thousands of passengers passing through the security screening measures at the airport prior to plaintiff's injury, no similar incidents had occurred. Indeed, there is no evidence of similar incidents occurring at any airport. Barnes points out that—in the context of premises liability for criminal acts of third parties—the Tennessee Supreme Court rejected a "prior incidents rule" in favor of a balancing approach in *McClung v. Delta Square Limited Partnership*, 937 S.W.2d 891 (Tenn. 1996). This case, however, does not involve criminal acts, and in any event, the balancing approach adopted by the court in *McClung* did not discard the notion that prior incidents may affect the foreseeability analysis. *McClung*, 937 S.W.2d at 902.

No evidence was presented of the likelihood of a fall in taking shoes off, other than the fact of plaintiff's fall. A suggestion in the TSA Passenger Security Field Guide, relied on by the plaintiff for the first time on appeal, to the effect that chairs will assist passengers who must remove their shoes after passing through security, refers to the area *inside* security, where shoes are put back on.

In addition, acceptance of the plaintiff's argument would impose a burden that is not commensurate with the apparently small likelihood and gravity of the potential harm. "Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury." *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). The TSA provided passengers the ability to stabilize themselves by placing a hand on the table near the x-ray machine. Although the TSA could have provided a chair and the Government does not dispute that such an option was feasible, requiring the TSA to do so would impose a general burden that potentially far exceeds the benefit of providing a chair in this particular case. In particular, there would be an affirmative duty on premises owners to provide chairs anytime footwear must be removed, including entrances to mosques and temples, and entrances to homes in stormy weather, or indeed whenever someone must simply bend down, as when retrieving an item at the grocery store that is located on the bottom shelf. The possibility of an occasional fall does not warrant the widespread precautionary provision of chairs.

The facts presented suggest nothing more than a possibility that a passenger might fall while attempting to remove her shoes. However, this mere possibility does not rise to a level of foreseeability suggesting negligence on the part of the TSA. Because Barnes has not established that her fall was foreseeable and because the TSA met its burden to act reasonably, she cannot establish that the lack of a chair violated any duty on the part of the TSA to act with reasonable care.

The judgment of the district court is AFFIRMED.