# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 20, 2010 Session

## CHARLES MCBEE v. PATRICIA ANNE GREER, et al.

**Appeal from the Circuit Court for Knox County**
**No. 1-178-09      Hon. Dale Workman, Judge**

---

**No. E2009-01760-COA-R3-CV - FILED JUNE 8, 2010**

---

Plaintiff was violently attacked as he was attempting to serve process on the defendant in a divorce case.  Plaintiff had been employed by a law firm to serve the divorce complaint on the defendant in the divorce case and the firm had attached a written statement to the process "Be forewarned he's an ex-cop with anger issues".  Plaintiff's claims for recovery against defendants were intentional infliction of emotional distress/outrageous conduct, negligent misrepresentation and negligence.  The Trial Court dismissed the action responding to defendants' Tenn R. Civ. P. 12.02(6), and plaintiff has appealed.  On appeal, we hold that plaintiff failed to state a cause of action for negligent misrepresentation and intentional infliction of emotional distress/outrageous conduct, but vacate the dismissal of the claim for negligence against defendants, and remand for further proceedings.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Vacated in Part.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Charles McBee, Knoxville, Tennessee, *pro se*.

Mark E. Silvey and L. Keith Aldridge, Knoxville, Tennessee, for the appellees, Patricia Ann Greer, John T. O'Connor, William Petty, Charles Child, and Jack Piper, Jr., individually, and d/b/a O'Connor, Petty, Child and Piper.

# OPINION

Plaintiff, Charles McBee, acting *pro se*, filed the Complaint against Patricia Greer, and the named partners of the law firm O'Conner, Petty, Child, and Piper. The Complaint avers that plaintiff is a private process server in Knox County, and that Greer is an attorney with the O'Conner firm. The Complaint avers that Greer called plaintiff on April 18, 2008, and asked him to serve some papers for her. The Complaint states that Greer stated in the phone call, "be forewarned, he's an ex-cop with anger issues." The Complaint further states that Greer also said she would be out of the office the rest of the day but would leave the papers with the receptionist.

Plaintiff averred that he went to Greer's office and there was a note on the papers which said, "Be forewarned this guy is an ex-cop with anger issues". Plaintiff stated he asked the receptionist what "anger issues" meant, and she replied that she did not know. Plaintiff stated that he read the papers and realized that it was a divorce complaint, but it said nothing about the husband, Randall Leeper, being violent or dangerous, it simply alleged irreconcilable differences or in the alternative, inappropriate marital conduct. He alleged that he was also provided with the phone number of Greer's client in case he needed directions or help.

Plaintiff alleged that he proceeded to try to serve the papers later that afternoon, and experienced trouble locating the house, so he called Greer's client and got directions. He stated that he went to the house as directed, and saw a man in the front yard and began to tell him he had papers from the court, and when he looked down at the papers to give him more information, the defendant in the divorce case, Randall Leeper, attacked him without warning and he was severely beaten by the defendant.

He further averred that following his recovery from the assault, he investigated the defendant's history and determined that he had killed an individual while on duty and there were three orders of protection issued against him the week prior to the attack.

Plaintiff alleged that defendants were liable for negligent misrepresentation, negligence, intentional infliction of emotional distress, and negligent supervision/respondeat superior. Plaintiff sought both compensatory and punitive damages.

Defendants filed a Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.02(6), which asserted that plaintiff had not stated a claim for negligent misrepresentation, because he had not shown that he was given any false information, and had not shown that he justifiably relied on any information he was given.

Defendants also asserted that plaintiff failed to state a claim of negligence, in that they only had a duty to use reasonable care to warn plaintiff of Leeper's anger management issues, which plaintiff admitted they did. Defendants asserted that there was no reckless conduct shown on their part to support a claim for intentional infliction of emotional distress.

At a hearing on the Motion, the Court entered an Order of Dismissal, stating that after considering the pleadings and the arguments of defense counsel and the *pro se* plaintiff, and viewing the factual allegations in the Complaint as true and in the light most favorable to plaintiff, the Court found that the Complaint should be dismissed and granted defendants' motion.

Plaintiff has appealed insisting the Trial Court erred in granting defendants' Motion to Dismiss.

The standard of review of a trial court's grant of a Tenn. R. Civ. P. 12 motion has been explained by the Supreme Court as follows:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." We review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions.

*Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-697 (Tenn. 2002)(citations omitted).

In this case, plaintiff's allegations of fact must be accepted as true, as he asserted he was given the divorce papers to serve on the defendant and was told both orally and in writing to "be forewarned" because Leeper was "an ex-cop with anger issues" by Ms. Greer. Plaintiff was also given the phone number of the client to contact for "help or directions".

Plaintiff proceeded to serve the papers and the defendant attacked him, without warning, and injured him, threatening to kill him. Plaintiff later learned that Leeper had a violent history, and he averred that Ms. Greer knew this.

Plaintiff's claim of intentional infliction of emotional distress/outrageous conduct, requires a showing that 1) Greer acted intentionally or recklessly, 2) her conduct was so outrageous that it is not tolerated by civilized society, and 3) her conduct resulted in serious mental injury to plaintiff. *See, e.g., Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In *Bain*, the Tennessee Supreme Court held that it is not an easy burden to meet the essential elements of outrageous conduct and stated that it "has adopted and applied the high threshold standard described in the Restatement (Second) of Torts." *Id.* at 622.

The Restatement (Second) of Torts, § 46, comment d (1965), states in pertinent part:

The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Bain*, 936 S.W.2d at 623.

Moreover, "recovery for intentional infliction of emotional distress is limited to mental injury which is so severe that no reasonable person would be expected to endure it." *Arnett v. Domino's Pizza I, LLC*, 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003).

In this case, there was no conduct charged to the defendants that would be characterized as "atrocious" and "utterly intolerable in a civilized community." *See Bain.* As it is "for the trial court to determine, in the first instance, whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery" (Restatement (Second) of Torts, § 46, comment h), we hold the Trial Court in this case properly dismissed plaintiff's claim of outrageous conduct.

The Trial Court dismissed plaintiff's claim of negligent misrepresentation. In

-4-

*Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997), the Supreme Court discussed the essential elements of a negligent misrepresentation claim as follows:

> Tennessee has adopted Section 552 of the Restatement (Second) of Torts "as the guiding principle in negligent misrepresentation actions against other professionals and business persons." Section 552 provides, in pertinent part, as follows:
>
>> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

In this case, it is not alleged that any false information was supplied to plaintiff upon which he justifiably relied. In fact, plaintiff admits that he was warned the defendant was an "ex-cop with anger issues" (but argues that he did not understand what that meant). The information given to plaintiff was not a misrepresentation, and he proceeded to serve the papers without giving any further consideration to the warning. However, plaintiff argues that an omission where information should be given is the same as giving false information, but plaintiff was told to be forewarned. We conclude plaintiff failed to state a claim for negligent misrepresentation.

Next, plaintiff's negligence claim requires a showing of: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713 (Tenn. 2005). The Supreme Court further explained that:

> The existence of a duty is a question of law. To determine whether a particular defendant owes a duty of care to a particular plaintiff, we balance the foreseeability and gravity of the potential harm against the feasibility and availability of alternatives that would have prevented the harm. "Although all the balancing considerations are important, the foreseeability prong is paramount because '[f]oreseeability is the test of negligence.' "

*Id.* (citations omitted).

In this case, the defendants owed plaintiff a duty to warn him, as they concede in their brief, because there was a foreseeable risk of potential harm. They argue, however, that the

warning was adequate. In this regard plaintiff alleged that three orders of protection were issued against Randall Leeper one week before the attack occurred, and that Randall Leeper had been convicted of an assault by domestic violence on Sandra Leeper. He further averred that attorney Greer was attorney of record in fourteen cases in Knox County Chancery, Probate and Fourth Circuit where (Randall) Leeper was a party requiring service of process upon him. This plaintiff charges that defendant Greer knew, or should have known and that it was foreseeable that Randall Leeper would attack him upon attempting service of process. The foregoing averments of fact must be accepted as true on this Motion of Dismiss, and construing these complaints liberally, we cannot say the plaintiff cannot prove a set of facts in support of his claim that would warrant relief against defendant Greer, as the Supreme Court has taught in *Trau-Med of America, Inc., v. Allstate Ins. Co.* Accordingly, we vacate the Judgment of the Trial Court in dismissing the claim of negligence against defendants. We pretermit the remaining issues raised by the appellant.

We affirm the Judgment of the Trial Court in part, vacate in part, and remand for further proceedings consistent with this Opinion.

The cost of the appeal is assessed one-half to plaintiff and one-half to defendants.


_____
HERSCHEL PICKENS FRANKS, P.J.

-6-