IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 19, 2013 Session

## IKE J. WHITE, III v. DAVID A. BEEKS, M.D.

**Appeal from the Circuit Court for Bradley County**
**No. V-07-554       J. Michael Sharp, Judge**

———————

**No. E2012-02443-COA-R3-CV-FILED-DECEMBER 9, 2013**

———————

CHARLES D. SUSANO, JR., P.J., concurring.

I concur in the majority opinion. I write separately to further address the causation aspect of the trial court's rationale in excluding portions of Dr. Law's testimony.

The plaintiff offered the testimony of Dr. Law in an attempt to establish that the defendant deviated from the acceptable standard of professional practice when he failed to advise the plaintiff of certain risks of the planned surgery. I will hereafter refer to these risks as "the risks involved in Dr. Law's excluded testimony." Assuming that Dr. Law's testimony had been found by the jury to be credible, it is clear to me that it would have established negligence on the part of the defendant. But this negligence would not have been relevant unless there was a *causal relationship* between the *negligence* and the *injuries* that the plaintiff claimed as a result of the surgery.

In the case of ***Kilpatrick v. Bryant***, 868 S.W.2d 594 (Tenn. 1993), the Supreme Court discussed in detail the dual and related concepts of cause in fact and proximate cause:

> Causation and proximate cause are distinct elements of negligence, and both must be proven by the plaintiff by a preponderance of the evidence. Causation (or cause in fact) is a very different concept from that of proximate cause. Causation refers to the cause and effect relationship between the tortious conduct and the injury. The doctrine of proximate cause encompasses the whole panoply of rules that may deny liability for otherwise actionable causes of harm. Thus, proximate cause,

or legal cause, concerns a determination of whether legal liability should be imposed where cause in fact has been established. Cause in fact, on the other hand, deals with the "but for" consequences of an act. The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct.

*Id*. at 598 (internal citations omitted). *See also* **King v. Anderson County**, 2013 WL 6124390 at \*11 (Tenn., filed Nov. 21, 2013); **Nye v. Bayer Cropscience, Inc**., 347 S.W.3d 686, 704-05 (Tenn. 2011); **Morrison v. Allen**, 338 S.W.3d 417, 438 (Tenn. 2011); **Hale v. Ostrow**, 166 S.W.3d 713, 718 (Tenn. 2005).

Returning to this case, and utilizing the "but for" test alluded to in the above-cited and other Tennessee appellate decisions, it cannot be said that but for the defendant's failure to advise the plaintiff of the risks involved in Dr. Law's excluded testimony, the injuries complained of by the plaintiff would not have occurred. It is important to note that *the focus is on the injuries and not on whether, had all of the significant risks been explained, the plaintiff would have decided to have the surgery*. The dissent focuses on the latter while the rule is directed at the former.

Accordingly, I concur in the majority opinion.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE