# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2013 Session

## JOLYN CULLUM ET AL. v. JAN MCCOOL ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Hamilton County**
**No. 12C202    L. Marie Williams, Judge**

---

**No. E2012-00991-SC-R11-CV - Filed December 18, 2013**

---

JANICE M. HOLDER, J., concurring and dissenting.

I fully concur in the majority's conclusion that Wal-Mart owed a duty of reasonable care to its customers to prevent them from suffering harm and that the trial court erred in granting Wal-Mart's motion to dismiss. I write separately, however, to reaffirm my view that "any discussion of foreseeability in the context of duty encroaches upon the role of the finder of fact." Giggers v. Memphis Hous. Auth., 277 S.W.3d 359, 372 (Tenn. 2009) (Holder, J., concurring and dissenting) (quoting Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 375 (Tenn. 2008) (Holder, J., concurring and dissenting)). See also Hale v. Ostrow, 166 S.W.3d 713, 720 (Tenn. 2005) (Holder, J., concurring and dissenting); Burroughs v. Magee, 118 S.W.3d 323, 338 (Tenn. 2003) (Holder, J., concurring and dissenting); Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 92 (Tenn. 2000) (Holder, J., concurring).

Instead of the majority's "balancing approach," I favor the duty formulation of the Restatement (Third) of Torts, which states that "[a]n actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." Restatement (Third) of Torts: Phys. & Emot. Harm § 7(a) (2010) [hereinafter Restatement (Third) of Torts]. Under the Restatement (Third) of Torts, this general duty of reasonable care may not apply, however, "when an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases . . . ." Restatement (Third) of Torts § 7(b). A no-duty rule is therefore appropriate when a court can "promulgate relatively clear, categorical, bright-line rules of law applicable to a general class of cases." Id. cmt. a. The

Restatement (Third) of Torts warns, however, that these no-duty rules "should be articulated directly without obscuring references to foreseeability." Id. cmt. j.[1]

Applying the Restatement (Third) of Torts to this case, I would hold that Wal-Mart owed its customers a duty to exercise reasonable care on the date in question. Accordingly, whether Wal-Mart should have foreseen that Ms. McCool would harm other patrons is relevant only in determining whether Wal-Mart breached its duty of reasonable care and whether its actions were a proximate cause of Ms. Cullum's injuries. Breach of duty and proximate cause, however, are jury issues that should not be determined by the trial court as a matter of law "unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." Haynes v. Hamilton Cnty., 883 S.W.2d 606, 612 (Tenn. 1994). See also Restatement (Third) of Torts § 7 cmt. i (acknowledging that "[s]ometimes reasonable minds cannot differ about whether an actor exercised reasonable care" and that courts may therefore determine negligence as a matter of law). Because the majority's balancing approach deprives the jury of its ability to determine these issues, I am unable to concur in this portion of the opinion.

_____
JANICE M. HOLDER, JUSTICE

---

[1] Although the Restatement (Third) of Torts's approach to duty remains a minority position, a growing number of jurisdictions have adopted the new Restatement. See, e.g., Thompson v. Kaczinski, 774 N.W.2d 829, 835 (Iowa 2009); A.W. v. Lancaster Cnty. Sch. Dist. 0001, 784 N.W.2d 907, 918 (Neb. 2010). Similarly, some jurisdictions have eliminated foreseeability as an element of duty but have not expressly adopted the Restatement (Third) of Torts. See, e.g., Gipson v. Kasey, 150 P.3d 228, 231 (Ariz. 2007) (stating that "[f]oreseeability . . . is more properly applied to the factual determinations of breach and causation than to the legal determination of duty."); In re N.Y.C. Asbestos Litig., 840 N.E.2d 115, 119 (2005) (recognizing that "foreseeability bears on the scope of a duty, not whether a duty exists in the first place.").