

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2017 Session

## SHIRLEY M. LURKS, ET AL. v. THE CITY OF NEWBERN, TENNESSEE, ET AL.

### Direct Appeal from the Circuit Court for Dyer County
No. 2013-CV-69      R. Lee Moore, Jr., Judge

### No. W2016-01532-COA-R3-CV

This is a premises liability case filed pursuant to the Tennessee Governmental Tort Liability Act. Appellant was walking down a sidewalk when she fell and sustained injuries. She and her husband brought suit alleging that she fell because the sidewalk was in a dangerous and defective condition due to the negligence of the City of Newbern. After a bench trial, the trial court found that the sidewalk in question was in a defective condition and that the upkeep of the sidewalk was the responsibility of the City of Newbern. However, the plaintiffs failed to provide any evidence that the sidewalk was the cause of the fall. The trial court issued a memorandum opinion and final judgment order dismissing the plaintiffs' claims. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Thomas H. Strawn, Dyersburg, Tennessee, for the appellants, Shirley M. Lurks and Joe E. Lurks.

Michael R. Hill, Milan, Tennessee, for the appellee, The City of Newbern, Tennessee.

### OPINION

### I. FACTS & PROCEDURAL HISTORY

Plaintiffs/Appellants Shirley M. Lurks and Joe E. Lurks (collectively "the Lurks" or individually "Mrs. Lurks" and "Mr. Lurks") have lived in their home on Monroe Street in Newbern, Tennessee for more than thirty years. They also own a vacant lot next door

and a rental house on the same street. On the evening of August 12, 2012,[1] Mr. Lurks went to the rental house to show a refrigerator to a couple. Shortly thereafter, Mrs. Lurks set out to meet her husband at the rental property, which is located diagonally across the street from their home. After exiting the front door of her home, Mrs. Lurks walked down to the sidewalk in front of her home in order to proceed to the rental house. Mrs. Lurks then fell on the sidewalk. She testified that she was hurting all over, including that her head and knee were injured and she was bleeding from her mouth. This incident occurred on a Saturday night, and Mrs. Lurks went to the doctor the following Monday. She was referred to Jackson Madison County General Hospital and then to an orthopedic surgeon for further treatment of the injuries to her knees. Mrs. Lurks was treated conservatively for approximately one year, but she eventually had surgery on her right knee in September 2013.

On August 9, 2013, Mr. and Mrs. Lurks filed suit against the City of Newbern, Tennessee ("the City"), Mayor Olen Parker, in his capacity as mayor for the City of Newbern, and Dyer County, Tennessee, pursuant to the Tennessee Governmental Tort Liability Act. The complaint alleged that the dangerous and defective condition of the sidewalk caused Mrs. Lurks to stumble and fall and that she sustained injuries as a result. Further, the complaint alleged that Mr. and Mrs. Lurks complained to the City and its agents on multiple occasions about the poor condition of the sidewalk, thereby giving sufficient notice of the dangerous and defective condition to the defendants. According to Mr. and Mrs. Lurks, the defendants, by and through their employees, were guilty of, among other things, negligence in their maintenance of the sidewalk, and that negligence was the direct and proximate cause of Mrs. Lurks' injuries. Mrs. Lurks sought recovery against the defendants for her injuries, and Mr. Lurks sought damages for loss of the services, companionship, and consortium of his wife. On September 25, 2013, the trial court entered an agreed order dismissing Dyer County as a defendant in the suit, and Mayor Parker was dismissed by agreement of the parties on the day of trial. To that end, the plaintiffs proceeded at trial against the City as the sole defendant.

The case was heard on June 3, 2016, in the Circuit Court for Dyer County, Tennessee. At trial, Mrs. Lurks testified to the facts surrounding her fall, the condition of the sidewalk, her injuries, and the lasting effects of her injuries on her daily life. Most importantly, Mrs. Lurks, as the sole witness of the incident in question, testified that she fell immediately, that she did not stumble and fall, and that she did not know what caused her to fall or whether her foot hit anything that caused her to fall. In fact, there was no testimony at all by anyone regarding what caused Mrs. Lurks to fall. Photographs were

---

[1]The record in this case is inconsistent regarding whether the incident in question occurred on August 11, 2012 or August 12, 2012. The date of Mrs. Lurks' fall is not material to the outcome of this matter. The trial court's order refers to the accident as occurring on August 12, 2012, and for purposes of this opinion we will use that date as well.

introduced showing the poor condition of the sidewalk.[2]  Both Mr. and Mrs. Lurks said that they were aware of the defects in the sidewalk and had asked city officials to fix them.  Mr. Lurks' testimony corroborated much of Mrs. Lurks' testimony, but he did not witness Mrs. Lurks' fall or know what caused her to fall.

On June 15, 2016, the trial court issued a memorandum opinion and final judgment order dismissing Plaintiffs'/Appellants' claims.  The trial court found that the sidewalk in question was in a defective condition and that the upkeep of the sidewalk was the responsibility of the City.  However, the court held that while the sidewalk was defective, there was no proof as to the cause of Mrs. Lurks' fall.  The court opined that "[t]he plaintiff has failed to causal[ly] connect her injury to the defective condition of the sidewalk.  Consequently, the Court dismisses the complaint."[3]

## II. ISSUES PRESENTED

Appellants present the following issue for review on appeal, which we have restated:

1.   Whether the trial court erred in failing to find a causal connection between the defective sidewalk and the injuries Mrs. Lurks received as a result of her fall.

Appellee presents the following additional issues for review on appeal:

2.   Whether Appellants can establish that any condition created or maintained by the City of Newbern was the cause-in-fact and proximate cause of Mrs. Lurks' injuries.

3.   Whether the alleged dangerous condition was open and obvious and whether Mrs. Lurks was actually aware of the alleged condition and chose to encounter it.

4.   Whether Mrs. Lurks was at least 50% at fault for the incident in the

---

[2]The photographs were taken after the fall by Mr. Lurks and Mrs. Lurks' daughter, Dellana Broussard.

[3]The trial court went on to say that if it were wrong about the causal connection issue, it found Mrs. Lurks suffered damages totaling $70,000.  The court would have awarded that amount to Mrs. Lurks and $10,000 to her husband for loss of her services, companionship, and consortium.  Further, if a causal connection had been established, the court would have assessed 20% fault to Mrs. Lurks and 80% fault to the City, so that the total judgment would be $56,000 to Mrs. Lurks and $8,000 to Mr. Lurks after assigning comparative fault.  Although the City has asked us to modify this portion of the trial court's decision, our holding on the issue of causation in this case pretermits the other issues.

event that this Court determines that there was adequate causation.

## IV.  DISCUSSION

This case was tried before a judge without a jury.  We therefore review the judge's findings of facts *de novo* upon the record with a presumption of correctness unless the evidence preponderates otherwise.  Tenn. R. App. P. 13(d); *Cross v. City of Memphis*, 20 S.W.3d 642, 644-45 (Tenn. 2000).  We review the trial court's conclusions of law *de novo* with no presumption of correctness.  *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Mrs. Lurks' causes of action sound in negligence.

> In order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause."

*Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)).  To that end, once a plaintiff establishes duty and breach of duty, and presents evidence of an injury, the plaintiff must next establish causation.  *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013).  "Causation [in fact] and proximate cause are distinct elements of negligence, and both must be proven by the plaintiff by a preponderance of the evidence."  *Hale v. Ostrow*, 166 S.W.3d 713, 718 (Tenn. 2005) (quoting *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993)).  Plaintiffs/Appellants did not establish either in this case.

Neither Mrs. Lurks nor any witnesses were able to testify as to what caused Mrs. Lurks' fall on the night in question.  The relevant proof presented at trial consisted of the following testimony by Mrs. Lurks:

Q.    And where were you when you actually fell?

A.    On the sidewalk.

**Q.    Okay.  Do you know what caused you to fall specifically?**

**A.    No.**

. . . .

Q.    . . . [Y]ou didn't walk along and then lose your balance, [] stumble four, five, six feet and then fall[?]

A.    I walked, and before you know it, I fell, I was down.

(Emphasis Added.)  Accordingly, the trial court held that "there is no proof as to the cause of the fall.  There is no way for the Court to determine that the defective condition of the sidewalk is the cause of the fall.  The plaintiff has failed to causal[ly] connect her injury to the defective condition of the sidewalk."

This Court has held that we will not presume negligence simply because an accident occurred.  A plaintiff must be able to establish causation.  In the case of *Pittinger v. Ruby Tuesday, Inc.*, No. M2006-00266-COA-R3-CV, 2007 WL 935713 (Tenn. Ct. App. Mar. 28, 2007), we set forth the law on that point as follows:

Negligence is not to be presumed from the mere happening of an accident. Negligence shall not be presumed absent an affirmative demonstration from the evidence.  Therefore, in the context of injuries to plaintiffs resulting from a fall, mere speculation about the cause of an injury is insufficient to establish liability on a negligence claim.  As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall.  In other words, a plaintiff must know what caused him to slip and fall.  A plaintiff cannot speculate as to what caused the fall.

*Pittinger*, 2007 WL 935713, at *3 (internal citations and quotations omitted).  A case similar to the case at bar is *Mullins v. Nash*, No. 01A01-9403-CV-00138, 1994 WL 485581 (Tenn. Ct. App. Sept. 9, 1994).  In the *Mullins* case, a woman brought suit against her brother for negligence and alleged that she tripped and fell on a piece of roofing material that her brother used as a sidewalk to his home.  *Id.* at *1.  However, during her deposition, Ms. Mullins admitted that she did not know what caused her to fall.  *Id.*  Much like Mrs. Lurks in the case at bar, Ms. Mullins testified that she "was just walking to the house, and down I went."  *Id.*  In *Mullins*, this Court affirmed summary judgment in favor of Ms. Mullins' brother, holding that the record failed to establish the cause of the fall and emphasizing that "the mere fact that an injury has been sustained never raises a presumption of negligence."  *Id.* at *2.

After careful review of the record, it is clear that at no time did Mrs. Lurks or anyone else present evidence of what caused her to fall on the sidewalk in question.  In

fact, when asked if she knew what caused her to fall, Mrs. Lurks simply stated "no." We affirm the trial court's conclusion that the Plaintiffs/Appellants failed to prove that the defective condition of the sidewalk was the cause of Mrs. Lurks' fall and the dismissal of Plaintiffs/Appellants' complaint. As a result, the additional issues presented by the City on appeal are pretermitted.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the appellants, Shirley M. Lurks and Joe E. Lurks, and their surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE