IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 1, 2025 Session

**DEBBIE WILLIAMS v. RODNEY HOLT, ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 23C7          Thomas W. Brothers, Judge**

———————————————————————

**No. M2024-01188-COA-R3-CV**

———————————————————————

This appeal concerns the trial court's summary judgment dismissal of the plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress relating to her interaction with a transit bus operator. We affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which Frank G. Clement, Jr., P.J., M.S., and ANDY D. BENNETT, J., joined.

Debbie Williams, Nashville, Tennessee, pro se appellant.

Janet Strevel Hayes, Knoxville, Tennessee, and Mary Beth Haltom White and Richmond Hall, Nashville, Tennessee, for the appellees, Rodney Holt, Tyquenta Keys, and Metropolitan Transit Authority d/b/a Wego Public Transit.

**OPINION**

**I.     BACKGROUND**

The underlying facts are not in dispute for purposes of this appeal. On the morning of November 15, 2022, Debbie Williams ("Plaintiff") was waiting to board a transit bus at Bay 5 in the Music City Center. Plaintiff was not wearing a coat in the cold weather at 7:35 a.m. Her assigned bus, driven by Rodney Holt, pulled into Bay 3 because Bay 5 was blocked. Upon his departure, Mr. Holt noticed Plaintiff waiting at Bay 5. Mr. Holt swerved into Bay 5 and opened the doors. He stated to Plaintiff, "Come on now." Plaintiff requested assistance from Mr. Holt to lower the steps to ease her transition onto the bus. Mr. Holt closed the bus doors in response and drove away, leaving Plaintiff.

Plaintiff alerted Tyquenta Keys at the customer service desk of her interaction. Ms. Keys advised Plaintiff to file a complaint by phone and assured Plaintiff that she would also file a complaint. Plaintiff then boarded the next bus at approximately 8:01 a.m. Ms. Keys did not initiate a complaint against Mr. Holt as promised; however, Plaintiff filed the requisite complaints. Georgiana Beaty, a Quality Assurance Investigator, conducted an investigation upon receipt of the complaint. Ms. Beaty reviewed video footage from the bus and validated the complaint. She did not store the video footage from the bus. The footage was automatically overwritten sometime in the next 30 days.

Plaintiff filed the instant action against Mr. Holt, Ms. Keys, and the Metropolitan Transit Authority d/b/a WeGo Transit Authority ("MTA") (collectively "Defendants"), alleging intentional infliction of emotional distress ("IIED") against Mr. Holt and Ms. Keys and negligent infliction of emotional distress ("NIED") against MTA as the alleged employer of Mr. Holt and Ms. Keys. Plaintiff claimed that seeing the bus being driven away without her caused overwhelming emotions and nullified her freedom to choose which bus and at what time to board. She claimed that her mental injury was rooted in her claim that she was "ill clad" and forced to wait, causing her to be "propelled into an interval of intensified emotional distress." She alleged that Ms. Keys's failure to file a complaint as promised caused additional distress. Plaintiff insisted that the actions of Mr. Holt and Ms. Keys have caused severe emotional distress, resulting in impaired "flow of energies in the meridians of the liver, kidney, heart, spleen, stomach and large intestine."

Defendants denied liability. Plaintiff filed a motion for discovery, requesting the trial court to order MTA to produce the video footage for her review. MTA responded that the video footage had been automatically overwritten by their surveillance system. Plaintiff filed a motion for sanctions due to the spoliation of the evidence. The court denied the motion, advising Plaintiff that she was free to argue spoliation of evidence at trial.

Defendants then moved for summary judgment. Mr. Holt and Ms. Keys asserted that Plaintiff failed to establish a claim of IIED. MTA alleged that even if Plaintiff established her claim of NIED, Mr. Holt and Ms. Keys were employed by the Davidson Transit Organization ("DTO"), not MTA. Pending a hearing on the summary judgment motions, Plaintiff filed a motion to compel discovery, arguing that Defendants were evasive in their responses to the written interrogatories and failed to produce supplemental documentation. The court denied the motion to compel.

Following a hearing on the motions for summary judgment, the trial court granted judgment in favor of Mr. Holt and Ms. Keys, finding that reasonable minds could not differ that their conduct was not extreme and outrageous, a necessary element of an IIED claim. The court also granted judgment in favor of MTA, finding that MTA could not be held liable because Mr. Holt and Ms. Keys were employed by DTO. This appeal followed.

## II.    ISSUES

A.     Whether the trial court abused its discretion in its denial of the motion to compel discovery.

B.     Whether the trial court erred in its grant of summary judgment in favor of Mr. Holt and Ms. Keys.

C.     Whether the trial court erred in its grant of summary judgment in favor of MTA.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

When a party files and properly supports a motion for summary judgment as provided in Rule 56, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye*, 477 S.W.3d at 250. Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't of Nashville & Davidson Cnty.*, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV. DISCUSSION

We begin by acknowledging Plaintiff's status as a pro se litigant throughout this litigation. It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). Plaintiff has presented a thorough brief for our review. We will review her issues on appeal in turn.

### A.

Decisions pertaining to discovery are subject to an abuse of discretion standard of review. To determine whether a decision constitutes an abuse of discretion, we review the trial court's decision to ascertain: "(1) whether the factual basis of the decision is supported by sufficient evidence; (2) whether the trial court has correctly identified and properly applied the applicable legal principles; and (3) whether the trial court's decision is within the range of acceptable alternatives." *Gooding v. Gooding*, 477 S.W.3d 774, 780 (Tenn. Ct. App. 2015) (quotation omitted). The Tennessee Rules of Civil Procedure limit the scope of discovery to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" Tenn. R. Civ. P. 26.02.

Here, Plaintiff asserts that the trial court abused its discretion in denying her motion to compel discovery when she sought additional information to support her action. Defendants respond that denial of the motion was appropriate when they readily admitted Plaintiff's version of events for purposes of summary judgment. We affirm the trial court's discretionary decision pertaining to Plaintiff's motion to compel discovery when the facts were not in dispute for purposes of ruling upon the motions for summary judgment.

### B.

As a threshold issue, Plaintiff contends that the July 12, 2024, order does not comply with Tennessee Rule of Civil Procedure 56.04 because it does not state the legal grounds in support of the court's grant of summary judgment. Tennessee Rule of Civil Procedure 56.04 provides that "[t]he trial court shall state the legal grounds upon which the court denies or grants the motion [for summary judgment], which shall be included in the order reflecting the court's ruling." Here, the trial court's order clearly states that Mr. Holt and Ms. Keys affirmatively negated an essential element of Plaintiff's claim by establishing that their conduct was neither extreme nor outrageous, thereby resulting in the grant of summary judgment. Additionally, there is no doubt that the order reflects the court's own independent judgment. Plaintiff's argument is without merit.

Next, Plaintiff argues that the record does not support the trial court's grant of summary judgment in support of Mr. Holt and Ms. Keys. Under Tennessee law, there are three elements of a claim for intentional infliction of emotional distress:

1.      The conduct complained of must be intentional or reckless.

2.      The conduct must be so outrageous that it is not tolerated by a civilized society.

3.      The conduct complained of must result in serious mental injury.

*Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In *Bain*, the Tennessee Supreme Court held that it is not an easy burden to meet the essential elements of outrageous conduct and stated that it "has adopted and applied the high threshold standard described in the Restatement (Second) of Torts." *Id.* at 622. The Restatement (Second) of Torts, § 46, comment d (1965), states in pertinent part:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.

A plaintiff seeking damages for IIED must meet an "exacting standard." *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999). "Recovery for [IIED] is limited to mental injury which is so severe that no reasonable person would be expected to endure it." *Arnett v. Domino's Pizza I, LLC*, 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003) (quoting *Bain*, 936 S.W.2d at 622). It is for the trial court to determine, in the first instance, whether a

defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Restatement (Second) of Torts, § 46, comment h. Thus, the trial court may reasonably dismiss this legal theory as a matter of law.

We have no doubt that Plaintiff was upset when Mr. Holt closed the doors and left her at the Music City Center in the cold. However, we cannot hold that Mr. Holt's conduct was so beyond the bounds of decency to warrant the label of "atrocious" or "outrageous" behavior. Ms. Keys's false assurance that she would file a complaint also does not rise to the level of outrageous conduct. At worst, Plaintiff experienced an annoyance as a result of poor customer service that caused her to wait approximately 26 minutes. We hold as a matter of law that Plaintiff's evidence at the summary judgment stage was insufficient to establish a claim of IIED against Mr. Holt and Ms. Keys.

C.

In order to prevail in a negligence action in Tennessee, the plaintiff must prove that (1) a duty of care was owed by the defendant; (2) the defendant's conduct fell below the applicable standard of care, resulting in a breach of the duty; (3) the plaintiff suffered an injury or loss as a result of the breach of the duty; (4) the defendant's breach of the duty was cause in fact of the injury or loss; and (5) the defendant's breach of the duty was the proximate or legal cause of the injury or loss. *McClung v. Delta Square Ltd., P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996). In claims for NIED, the claim must include the above elements, as well as expert proof establishing that the plaintiff's emotional distress was "serious" or "severe." *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008). Whether a plaintiff sought recovery for negligence or NIED, the threshold element is always duty of care because without a legal duty, there can be no conduct that breaches the duty. *Hale v. Ostrow*, 166 S.W.3d 713, 716–17 (Tenn. 2005). The analysis of duty is specific to the particular plaintiff and defendant involved. *Nichols v. Atnip*, 844 S.W.2d 655, 662 (Tenn. Ct. App. 1992). Whether a defendant owed a duty is a question of law, and whether that duty was breached is a question of fact. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 366 (Tenn. 2009); *see also Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2004).

Here, Plaintiff alleged that MTA owed her a duty of care as the employer of Mr. Holt and Ms. Keys and that MTA should be held liable for their actions. The trial court found, and the record confirms, that Mr. Holt and Ms. Keys were employed by DTO, not MTA. Vince Malone, Chief of Staff and Administration of DTO, attested that Mr. Holt and Ms. Keys were not hired by MTA and that they were directly managed and compensated by DTO. Plaintiff does not dispute these facts. DTO and MTA have also been defined as separate and distinct entities. *Thompson v. Davidson Transit Org.*, 563 F. Supp. 2d 820, 829 (M.D. Tenn. 2008) ("It is a settled fact that DTO and MTA are separate legal entities and that only DTO is involved with day-to-day operations such as hiring, disciplining, and firing employees."). Plaintiff's evidence at the summary judgment stage was also insufficient to establish a breach of any alleged duty of care owed. With these

considerations in mind, we affirm the trial court's summary judgment dismissal of Plaintiff's claim against MTA for NIED.

## V.     CONCLUSION

For the reasons stated above, we affirm the summary judgment dismissal of the action and remand for such further proceedings as may be necessary and consistent with this opinion.  Costs of the appeal are taxed to the appellant, Debbie Williams.

_____
JOHN W. MCCLARTY, JUDGE