**Mark Harry GOLDFARB, Appellant,**

v.

**Arthur Jackson BAKER, Appellee.**

Supreme Court of Tennessee.

March 7, 1977.

**568**

Sam P. Bradley, Holt, Batchelor, Spicer, Gaerign & Ryan, Memphis, for appellant.

Richard Lodge, Robert B. Littleton, Asst. Attys. Gen., R. A. Ashley, Jr., Atty. Gen., Nashville, for appellee.

OPINION

BROCK, Justice.

This is an action for damages for "outrageous conduct."

The plaintiff, Mark Harry Goldfarb, alleges that he is a Memphis State University student who was enrolled in a course taught by the defendant Baker. During a class meeting, an unidentified prankster entered the classroom, threw a pie, which struck the defendant professor, and ran away. The complaint further alleges that the angered professor immediately accused the plaintiff of the assault; that on the next day defendant forbade plaintiff to attend class; had him ejected from the building when he attempted to take his seat; and, in the presence of others, accused him of attempting to blackmail the defendant. The plaintiff, a former state prisoner, sought to show that because of this episode he was falsely portrayed as a lawless individual whose attempted rehabilitation had failed, that he lost the confidence of his associates, and was frustrated in his effort to reform his life. He alleges that the actions of the defendant have caused him extreme mental anguish, humiliation, depression and distress. The trial court, finding the defendant's alleged conduct not to be sufficiently outrageous to be actionable, dismissed the complaint for failure to state a claim.

It has proven to be difficult to formulate an objective legal standard for determining whether or not particular unseemly conduct is so intolerable as to be tortious. The *Restatement (2d) of Torts* informs us that it is not enough, according to the cases,

". . . that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would

entitle the plaintiff to punitive damages for another tort." *Restatement (2d) of Torts*, § 46, Comment d.

It has been held that the defendant's conduct must be so outrageous in character and extreme in degree as to be beyond the pale of decency and that it must have caused serious mental injury to the plaintiff. The conduct must be "atrocious," "utterly intolerable," and "beyond all bounds of decency." *Medlin v. Allied Investment Co.*, 217 Tenn. 469, 398 S.W.2d 270 (1966); *Johnson v. Woman's Hospital*, Tenn.App., 527 S.W.2d 133 (1975).

■ Moreover, conduct which would be intolerable if unprovoked may be excused if it results from circumstances of annoyance or stress. In the *Restatement* example, the defendant A suffers the relatively minor frustration of being unable to place a telephone call. He calls the operator, B, "a God damned woman, a God damned liar, and says that if he were there he would break her God damned neck." B suffers not only emotional distress, but illness, in consequence of the incident. Nevertheless, A is not liable for his insulting behavior. Id., Illustration 4 to Comment d. By contrast, acts of an obviously heartless, flagrant, or extortionate character are actionable, such as falsely reporting to the plaintiff that her husband has been severely injured in an accident, [Illustration 1, *Wilkinson v. Downton*, 2 Q.B.D. 57 (1897)], threatening the plaintiff with harm to himself and destruction of his property and business if he does not pay over his profits to the defendant [Illustration 2, *State Rubbish Collector's Association v. Siliznoff*, 38 Cal.2d 330, 240 P.2d 282 (1952)] or furnishing a guest at a swimming party with a bathing suit that will dissolve in water (Illustration 3).

■ This complaint shows that the defendant acted under provocation. The plaintiff claims that he was innocent of any wrongdoing in the pie-throwing episode but not that the defendant knew, or that he should have known, that he was making a false accusation. Although the accusation of blackmail was excessive, still it was the product of a sudden, unjustified, and humil-

iating attack by someone upon the defendant. The plaintiff was warned that he would be excluded from class because of his supposed conduct and apparently did not protest his innocence at that point. With no reason to believe he was acting against the wrong person, the defendant apparently was justified in taking measures to prevent further disorder in his classroom. We hold that the facts alleged do not state a cause of action. The facts alleged in the complaint do, indeed, constitute a misfortune for the plaintiff. However,

> " 'Against a large part of the frictions and irritations and clashing of temperaments incident to participating in community life, a certain toughening of the mental hide is a better protection than the law could ever be.' Magruder, Mental and Emotional Disturbance in the Law of Torts, 1936, 49 Harvard L.Rev. 1033, 1035." *Medlin v. Allied Investment Co., supra*, 398 S.W.2d at 274.

The present case is among those frictions and irritations. The judgment of the trial court is affirmed. Appellant will pay the costs incident to this appeal.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.