IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 12, 2002 Session

# JACK and RUTH PARNELL, v. DELTA AIRLINES, INC., COMAIR, INC., ATLANTIC SOUTHEAST AIRLINES, INC., ROBERT FRANKLIN, and WINSTON MCCARTY

Direct Appeal from the Circuit Court for Hamilton County, Division IV
No. 00C1774      Hon. W. Neil Thomas, III, Circuit Judge

FILED JANUARY 8, 2003

No. E2002-00589-COA-R3-CV

The Trial Court granted defendants summary judgment by finding defendants' conduct did not constitute outrageous conduct.   We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Joe E. Manuel, Chattanooga, Tennessee, for Appellants.

Joseph R. White and C. Eugene Shiles, Chattanooga, Tennessee, for Appellees.

## OPINION

This action is based on the alleged grounds of outrageous conduct by defendants. The Trial Court granted defendants summary judgment, finding that defendants' conduct did not constitute outrageous conduct, as a matter of law.  Plaintiffs have appealed.

The standards of our review of the granting of a motion for summary judgment are well settled.  Summary judgment involves a question of law, and no presumption of correctness is afforded the lower court's ruling.  The moving party must demonstrate there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law on the undisputed facts. *Staples v. CBL & Assoc., Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000).

From a review of the record in this case, we conclude that the Trial Court reached the correct result, and we adopt his Memorandum Opinion and Judgment as follows:

This matter is before the Court upon the motion of all Defendants for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure upon the grounds that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. . . .

The complaint, filed September 29, 2000, alleges that the Defendants (who will be referred to herein as "Delta") refused to permit the Plaintiffs to board a Delta flights which would eventually carry them to Oregon. The Plaintiffs allege as their causes of action outrageous conduct and intentional and negligent infliction of emotional distress.[1] In their brief, however, their claim is stated to be the intentional infliction of emotional distress by extreme and outrageous conduct. See Pl. Br., p.6, heading 1.

**The Standard of Rule 56**

In considering a motion for summary judgment under Rule 56, this Court must determine whether a genuine issue of material fact exists for resolution by trial. As the Supreme Court has noted, Rule 56 "was implemented to enable courts to pierce the pleadings and determine whether the case justifies the time and expense of a trial." Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). The analysis to be utilized in considering a motion for summary judgment was described by the Supreme Court in Byrd as follows:

Thus the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial. 847 S.W.2d at 214.

When the party seeking summary judgment makes a properly supported motion, then it becomes incumbent upon the nonmoving party to "set forth specific facts, not legal conclusions" by affidavit or other discovery material to establish that, indeed, there are properly disputed material facts. The nonmoving party may not rely upon the allegations or denials of the pleadings to establish such facts. Byrd, supra, at 215. Once proper materials, those admissible at trial, are submitted by the nonmoving party, they must be taken as factually true. In considering a motion for summary judgment, when a materially disputed fact is created, the Court may not weigh the

---

[1]At oral argument the Plaintiffs agreed that they had no medical proof to support a claim for negligent infliction of emotional distress.

evidence or test the credibility of the materials submitted; in such a case a trial is necessary. Byrd, supra, at 216. Finally, "summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." State Farm Fire and Cas. Co. V. White, 993 S.W.2d 40 (Tn. App. 1998).

**Summary of the Facts**

In considering a motion for summary judgment the facts of this case must be viewed in a light most favorable to the Plaintiffs. Newsom v. Textron Aerostructures, 924 S.W.2d 87 (Tn. App. 1995). Viewing them as such, the Court will recite the facts which will be used for the basis of this motion.

On May 27, 2000, the Parnells were traveling from Chattanooga to Oregon on tickets exchanged for senior discount coupons Mr. Parnell had charged to his VISA card in 1999. He had also purchased an airline ticket for the exact same amount as the coupons but decided not [to] use the ticket. Consequently, he cancelled the ticket. When he saw the charge for the coupons, he disputed the charge with VISA, thinking it was for the ticket.

On May 27 the Parnells checked in without event, but when their flight to Atlanta was cancelled, problems began to arise. When an exchange was sought for another flight the Delta computer advised the gate agent that new tickets should not be issued until the money for the senior coupons was received. A dispute over the computer print-out ensued, and after Mr. Parnell was given a copy, he snatched the original out of the gate agent's hand. A dispute exists over the source of [the] scratch on the gate agent's hand. The gate agent then spoke with his supervisor who told Mr. Parnell that he was to leave, that he would never fly Delta again and that criminal charges would be pressed against him. The Parnells eventually made it to Oregon. Apparently, the ban on flight by the Parnells on Delta still exists, at least through use of Frequent Flier points.

**The Claim of Outrageous Conduct**

In Bain v. Wells, 936 S.W.2d 618 (Tenn. 1997), Justice Drowota, writing for a unanimous Court in reversing the affirmance by the Court of Appeals of the Trial Judge's refusal to grant summary judgment, held that there are three essential elements to a cause of action for outrageous conduct.

> "Accordingly, under Tennessee law, there are three essential elements to a cause of action: (1) the conduct complained of must be intentional and reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained [sic] must result in serious

mental injury." <u>Bain</u>, <u>supra</u>, at 936.

He emphasized that mental distress damages do not extend to insults, indignities and threats, citing <u>Medlin v. Allied Inv. Co.</u>, 398 S.W.2d 270 (Tenn. 1966). In that case placing an HIV infected patient in a room with another patient without informing the other patient was not outrageous conduct. In fact, the conduct was in conformity with the hospital's housing policy, and there was no proof of any violation of medical standards relating to patient housing. In assessing the facts as recited above, the Court is most sympathetic to the position of the Parnells. They should have been advised by Delta of the problem when they exchanged their coupons for the tickets before arriving at the airport. They certainly should have been advised of the problem at initial check-in. If the computer can be used to deny them an exchange for a new ticket after the cancellation of the initial flight to Atlanta, it should have been used to identify the problem on two prior occasions of its use. Although totally reprehensible, the conduct of Delta does not rise to that of outrageous conduct, which as Justice Drowota pointed out in <u>Bain</u>, has a "high threshold." Because the Court does not believe that the conduct of Delta does not constitute outrageous conduct, the issue of the evidence necessary to establish emotional distress is not reached.

On appeal, plaintiffs react to the Trial Court's statement that defendants' actions were "totally reprehensible", equate this terminology with establishing outrageous conduct.[2] Conduct which might be intolerable if unprovoked can be excusable if caused by the circumstances of annoyance or stress. *Goldfarb v. Baker*, 547 S.W.2d 567 (Tenn. 1977). The record establishes that the encounter was stressful for all concerned and airlines have broad discretion, pursuant to federal law, in making boarding decisions. *Smith v. Comair, Inc.,* 134 F.3d 254, 258 (4th Cir. 1998). Claims related to wrongful exclusion from flights and airline boarding practices are preempted by the Air Transportation Security Act of 1974, 49 U.S.C. § 44920(b); *O'Carroll v. American Airlines, Inc.,* 863 F.2d 11, 12-13 (5th Cir. A989); *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 339 (5th Cir. 1995). Moreover, creditors are not liable for legitimate attempts by reasonable means to collect a debt, and by seeking to collect a debt in a rude or even insulting manner, will not sustain recovery. *Nelson v. Ford Motor Credit Co.*, 621 S.W.2d 573 (Tenn. Ct. App. 1981).

Finally, while plaintiffs deny they were specifically told in advance they would not be permitted to board unless the charge was paid, plaintiff Parnell, in his deposition, testified as follows:

Q.     Right. And that was the intent, wasn't it?

---

[2]The Trial Court's language was used in reference to the defendants' actions in not properly informing the plaintiffs prior to the flight date (assuming the plaintiffs' version of the facts for purposes of the summary judgment motion) and the ensuing inconvenience to them - not to describe the actions or statements that occurred at the airport.

A.     Sure.

Q.     That you could take it out of his hand [the computer printout with the "do not board" notation] before he could hold onto it?

A.     Sure.  It had been read to me, by the way, on the telephone by an agent who was located in San Francisco, something about a reservation.  I said, "would you mind reading that to me?"  And what he read I didn't have it in my possession, but what he read is what's on there; do not board this passenger until $246 is paid.  Do not accept a credit card as a form of payment, credit card denied, . . .

Q.     When was this conversation you're talking about with the person in San Francisco?

A.     It was a matter of 30 days before March 27th [sic].  I had got a call from somebody in Delta that said we've got a slight chance in your schedule to Portland and I want to tell you about it.  They told me about a five or ten-minute change, and then they said you cannot fly on the tickets that you have until you pay $246 to Delta.

        For the foregoing reasons, we affirm the summary judgment granted by the Trial Judge.  The cost of the appeal is assessed to Jack and Ruth Parnell.


                                        _____
                                        HERSCHEL PICKENS FRANKS, J.