IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 22, 2018 Session

## RICHARD GARY VINCIONI v. VANDERBILT UNIVERSITY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C-268      Amanda Jane McClendon, Judge**

_____

**No. M2017-01302-COA-R3-CV**
_____

Appellant alleges intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, supervision, and retention against a University and its employees. The trial court granted Appellees' motion to dismiss for failure to state a claim upon which relief can be granted. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Richard G. Vincioni, Nashville, Tennessee, Pro Se.

Kevin C. Klein, Allison L. Bussell, and James C. Floyd, Nashville, Tennessee, for the appellees, Vanderbilt University, Vanderbilt University Blair School of Music, Deanna L. Walker, and Mark Wait.

### OPINION

FACTS

On February 1, 2016, Plaintiff/Appellant Richard Vincioni attended an adult songwriting class at the Blair School of Music at Vanderbilt University.[1] This songwriting course often featured guests from the Nashville songwriting community to speak with the students in the class. On this particular day, the guest speaker was a songwriter that was highly revered by Mr. Vincioni.

---

[1] Because this case was disposed of on the basis of a motion to dismiss, the facts are taken from the complaint.

On the night in question, Mr. Vincioni arrived to class early and chose a seat in the front row. Prior to class beginning, Professor Deanna L. Walker, the instructor of the class, asked Mr. Vincioni to step out of the classroom and into the hallway. Once the two were in the hallway, Professor Walker requested that Mr. Vincioni not attend that night's class because it might appear that Mr. Vincioni was following the guest speaker. Professor Walker's apprehension stems from an incident that occurred almost four years before the class in question.

In April 2012, Mr. Vincioni had attended one of Professor Walker's songwriting classes in which the same songwriter was the guest speaker. Mr. Vincioni was very inspired and after attending the class, he sought out the guest songwriter at his publishing company. Mr. Vincioni describes the incident as an "alleged inappropriate door knock in April of 2012 to [the guest songwriter's] publishing company" and maintains that "he was completely respectful in his approach, and believes it was nothing more than not being received well by a company door screener." Nevertheless, this event sparked Professor Walker's request that Mr. Vincioni not attend this specific class.

After some discussion in the hallway, Professor Walker allowed Mr. Vincioni to attend the class if he agreed to move from his seat in the front of the class to a seat in the back and not draw any attention to himself. Mr. Vincioni agreed and moved his things to a seat in the back of the class. This exchange, however, allegedly caused Mr. Vincioni great turmoil and embarrassment. Mr. Vincioni described his experience that day as a "nightmare experience" and "emotional torment." He asserts that Professor Walker's actions made him feel "like some sort of a kook or stalker" and caused him "severe emotional distress."

As a result, Mr. Vincioni filed a complaint on February 1, 2017, against Vanderbilt University, the Blair School of Music, Deanna L. Walker, and Mark Wait, the Dean of the Blair School of Music (together "Appellees").[2] The trial court and Appellees interpreted Mr. Vincioni's complaint to allege intentional and/or negligent infliction of emotional distress, negligent hiring, supervision, or retention, and defamation. On March 9, 2017, Appellees filed a motion to dismiss Mr. Vincioni's complaint. Appellees alleged that Mr. Vincioni failed to allege (1) a defamation claim because Appellees did not publish, or make false statements about Mr. Vincioni; (2) a negligent or intentional infliction of emotional distress claim because the conduct alleged was not outrageous or a breach of duty; and (3) any negligent hiring, supervision, or retention claim because there was no underlying tort; no claim that Professor Walker was unfit to teach at the Blair School of Music, or that Dean Wait was aware of any facts that made it improper to retain Professor Walker.

---

[2] Appellees asserted in their pleadings that the Blair School of Music was a part of Vanderbilt University and was not a separate legal entity capable of being sued. It seems that on appeal, Mr. Vincioni did not levy any claims against the Blair School of Music.

Mr. Vincioni responded in opposition on March 27, 2017, arguing that Professor Walker's conduct caused him great mental anguish and that both Dean Wait and Vanderbilt University negligently supported her behavior. Mr. Vincioni also abandoned his defamation claim stating that it was a "separate and serious matter that may arise at any time in the future."[3]

The trial court entered a memorandum opinion on May 24, 2017, granting Appellees' motion to dismiss in full. The trial court specifically found that Professor Walker's hallway conversation with Mr. Vincioni and her request that he sit in the back row of the classroom was not the type of "conduct recognized as 'outrageous' by Tennessee courts[,]" therefore; his averments did not "support a claim for intentional infliction of emotional distress." The trial court additionally found that Mr. Vincioni failed to plead any facts that showed that it was foreseeable that Professor Walker's conduct would have led to his severe emotional distress; thus, his claim for negligent infliction of emotional distress must also fail. Lastly, because the trial court found that Mr. Vincioni's infliction of emotional distress claims failed, there was no underlying tort liability, which is necessary in establishing a negligent hiring, supervision, or retention claim. The trial court also noted that Mr. Vincioni failed to allege facts establishing that Professor Walker was unfit at her position or that Vanderbilt should have known she was unfit to teach. As such, Mr. Vincioni failed to plead a viable negligent hiring, supervision, or retention claim. The trial court thereby dismissed Mr. Vincioni's complaint in its entirety. Mr. Vincioni timely appealed the decision on June 23, 2017.[4]

ISSUE

Mr. Vincioni presents one issue for review in his appellate brief, which we have restated for clarity: Whether the trial court erred in dismissing Mr. Vincioni's complaint.

STANDARD OF REVIEW

The standards in assessing a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss are well-established. *Banks v. Bordeaux Long Term Care*, 465 S.W.3d 141, 147 (Tenn. Ct. App. 2014). A Rule 12.02(6) motion to dismiss "requires a court to determine if the pleadings state a claim upon which relief may be granted." *Phillips v. Montgomery Cty.*, 442 S.W.3d 233, 237 (Tenn. 2014) (citing Tenn. R. Civ. P. 12.02(6); *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013)). The motion "challenges 'only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" *Id.* (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346

---

[3] As such, we do not address this claim on appeal.

[4] It seems that after Mr. Vincioni filed his notice of appeal, he attempted to file a Statement of Evidence to be included in the record on appeal, although our record does not include this request. Our record does however include the trial court's order denying Mr. Vincioni's Statement of Evidence as it did not meet the requirements of the Tennessee Rules of Appellate Procedure 24(c).

S.W.3d 422, 426 (Tenn. 2011)).  Thus, the "resolution of such a motion is determined by examining the pleadings alone."  *Id.* (citing *Webb*, 346 S.W.3d at 426).

When reviewing a Rule 12.02(6) motion to dismiss, "courts 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'"  *Id.* (quoting *Webb*, 346 S.W.3d at 426) (citations omitted).  Courts should only grant the motion if "'it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"  *Webb*, 346 S.W.3d at 426 (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002) (citations omitted)).  Tennessee, however, "follows a liberal notice pleading standard, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court."  *Id.* (citing *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010) (internal citations omitted)).  To survive a motion to dismiss, "[a] complaint 'need not contain detailed allegations of all the facts giving rise to the claim,' but it 'must contain sufficient factual allegations to articulate a claim for relief.'"  *Id.* at 427 (quoting *Abshure*, 325 S.W.3d at 103–04).  Therefore, the facts pleaded in the complaint, and the inferences reasonably drawn from those facts, "must raise the pleader's right to relief beyond the speculative level."  *Id.* (citing *Abshure,* 325 S.W.3d at 103–04).  This Court reviews "the trial court's legal conclusions regarding the adequacy of the complaint de novo."  *Id.*

Additionally, we note that Mr. Vincioni is proceeding pro se; "courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system."  *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988)).  As such, Tennessee courts give pro se litigants "a certain amount of leeway in drafting their pleading and briefs."  *Id.* at 904 (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997)).  Courts must, however, be cognizant to balance the fairness to a pro se litigant and the unfairness to the pro se litigant's adversary.  *Id.* at 903.  Therefore, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe."  *Id.* (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995)).

DISCUSSION

I.

We must begin our analysis by addressing the state of Mr. Vincioni's appellate brief.  The Tennessee Supreme Court has held that "it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court."  *Bean v. Bean*, 40 S.W.3d 52, 54–55 (Tenn. Ct. App. 2000) (citing *Crowe v.*

- 4 -

***Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)).  Rule 27 of the Tennessee Rules of Appellate Procedure states

> (a) The brief of the appellant shall contain under appropriate heading and in the order here indicated:
>
> ***
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, *with citations to the authorities and appropriate references to the record* (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(7)(A) (emphasis added).  Pursuant to Rule 27, "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief . . .  constitutes a waiver of the issue." ***Id.*** (citations omitted).

Here, Mr. Vincioni fails to make *any* citations to either the record or relevant authority anywhere in his brief.  Moreover, in place of a Table of Authorities, Mr. Vincioni states:

> In lieu of cases to refer, Pro Se Appellant respectfully asks this court to only look at the facts to determine why this case of severe emotional abuse towards a registered and invited student deserves to continue in a jury trial. Appellant is confident in time this case will be referred to as a landmark case to better uphold the tort(s) related to emotional injustice.

A party's failure to comply with the Rules of Appellate Procedure generally waives the issues for review. ***Id.***  Keeping in mind, however, that Mr. Vincioni is proceeding pro se in this appeal, as he did in all prior proceedings, courts should "'give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.'" ***Sanders v. Commissioner of Dep't. of Labor and Workforce Development***, No. W2015-00796-COA-R3-CV, 2015 WL 5242924, at *3 n.5 (Tenn. Ct. App. Sept. 8, 2015) (quoting ***Hessmer***, 138 S.W.3d at 904) (citations omitted)).  Although Mr. Vincioni's brief is deficient, the record here is not voluminous, and Mr. Vincioni's single issue and argument is clear to this Court.  Accordingly, we will proceed in analyzing the merits of the appeal, despite the extreme deficiencies of Mr. Vincioni's appellate brief. *See id.*; Tenn. R. App. P. 2 ("For good cause  including the interest of expediting decision upon any matter, the . . . Court of Appeals, . . . may suspend the requirements or provisions of

any of these rules in a  particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]").

## II.

In Mr. Vincioni's complaint, his most clear claim is that Professor Walker's actions on February 1, 2016, either negligently or intentionally caused him great emotional strife resulting in continuing emotional distress. The trial court acknowledged Mr. Vincioni's somewhat convoluted claims for both negligent and intentional infliction of emotional distress in its order, and the Appellees also acknowledge both claims in their appellate brief.  As such, we will examine whether Mr. Vincioni properly asserted facts that would support his claims of negligent and/or intentional infliction of emotional distress as well.

## A.

To successfully state a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant's conduct was "(1) intentional or reckless, (2) so outrageous that it is not tolerate by civilized society, and (3) resulted in serious mental injury to the plaintiff."  ***Rogers v. Louisville Land Co.***, 367 S.W.3d 196, 205 (Tenn. 2012).  Here, Appellees argue that Mr. Vincioni's "description of Professor Walker's conduct falls far short of that required to state a claim for outrageous conduct."  In other words, Appellees assert that Mr. Vincioni's complaint fails to allege sufficient facts to prove the second element necessary to establish an intentional infliction of emotional distress claim.

Tennessee has adopted the Restatement (Second) of Torts's interpretation of outrageous conduct:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

Restatement (Second) of Torts § 46 comment d (1965); *see also **Bain v. Wells***, 936 S.W.2d 618, 622–23 (Tenn. 1997) ("Although no perfect legal standard exists for determining whether particular conduct is so intolerable as to be tortious, this Court has adopted and applied the high threshold standard described in the Restatement (Second) of Torts . . . ."). Further, "liability for mental distress damages clearly 'does not extend to mere insults, indignities, threats, annoyances, petty oppression or other trivialities.'" ***Bain***, 936 S.W.2d at 622 (quoting ***Medlin v. Allied Inv. Co.,*** 217 Tenn. 469, 479, 398 S.W.2d 270, 274 (Tenn. 1966), overruled on other grounds by ***Camper v. Minor***, 915 S.W.2d 437 (Tenn. 1996)). The plaintiff's burden "to demonstrate outrageous conduct is not an easy burden to meet." ***Fitzgerald v. Hickman County Government***, No. M2017-00565-COA-R3-CV, 2018 WL 1634111, at *14 (Tenn. Ct. App. Apr. 4, 2018) (citations omitted)). It is therefore "the court's duty in the first instance to apply that standard and determine 'whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery . . . .'" ***Bain***, 936 S.W.2d at 623 (quoting ***Medlin***, 398 S.W.2d at 274)).

In this case, the trial court concluded that

Here, [Mr. Vincioni's] description of Professor Walker's conduct falls far short of that required to state a claim for outrageous conduct. At most, Professor Walker's statements to [Mr. Vincioni] are the kind of "mere insults, indignities, threats, annoyances, petty oppression or other trivialities" that Tennessee courts have held will not support a claim for outrageous conduct. ***Brown v. Mapco Exp., Inc.,*** 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012) (quoting ***Medlin v. Allied Inv. Co.,*** 398 S.W.2d 270, 274 (Tenn. 1966)). Indeed, by asking to speak with [Mr. Vincioni] in the hallway, Professor Walker appears to have been trying to spare him any embarrassment.

We agree with the trial court's determination.

This Court has recently explained that

we have declined to deem conduct outrageous when it involved comments made by an assistant district attorney that a defendant was a "bitch," ***Odom v. Claiborne Cty., Tennessee***, 498 S.W.3d 882, 887 (Tenn. Ct. App. 2016), *perm. app. denied* (Aug. 18, 2016), racial discrimination by a pizza delivery company, ***Arnett v. Domino's Pizza I, L.L.C.***, 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003), and comments that the plaintiff had performed a "money switch" and threatening to call police to investigate. *See **Brown v. Mapco Exp., Inc.***, 393 S.W.3d 696, 704 (Tenn. Ct. App. 2012).

*Fitzgerald*, 2018 WL 1634111, at \*14. Further, in a similar situation to the one at bar involving an alleged false accusation from a professor, the Tennessee Supreme Court held that the plaintiff failed to allege facts that stated a cause of action for intentional infliction of emotional distress. *Goldfarb v. Baker*, 547 S.W.2d 567 (Tenn. 1977). In *Goldfarb*, the plaintiff/student was allegedly falsely accused by defendant/professor of entering the classroom and throwing a pie that hit the professor. *Goldfarb*, 547 S.W.2d at 568. The next day, "defendant forbade plaintiff to attend class; had him ejected from the building when he attempted to take his seat; and, in the presence of others, accused him of attempting to blackmail the defendant." *Id.* Both the trial court and appellate court found however that plaintiff failed to state a sufficient claim because defendant's actions did not rise to that of outrageous conduct. *Id.* at 568–69.

Conversely, though, Tennessee courts have held that the following types of conduct were appropriately considered outrageous at the motion to dismiss stage: (1) allegations of doctor-patient sexual assault, *Weaver v. Pardue*, No. M2010-00124-COA-R3-CV, 2010 WL 4272687, at \*6 (Tenn. Ct. App. Oct. 28, 2010); (2) forcing a victim to witness attempted murder and suicide, *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004); (3) failure to report or investigate known sexual abuse, *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); and (4) treating human remains in an improper manner, *Akers v. Prime Succession of Tennessee, Inc.*, 387 S.W.3d 495, 504 (Tenn. 2012). *See Fitzgerald*, 2018 WL 1634111, at \*14.

It is our view that Professor Walker's conduct toward Mr. Vincioni is much more closely aligned with the group of cases in which the alleged conduct failed to constitute outrageous conduct. Furthermore, as the trial court pointed out in its order, if the professor's conduct in *Goldfarb* did not equate to outrageous conduct, "the alleged conduct in this case does not come close." Professor Walker had a private discussion with Mr. Vincioni in the hallway, away from the other students and allowed him to attend class. Albeit, Mr. Vincioni did have to gather his things from his seat on the first row and move them to the back of the classroom; however, as the trial court noted "[f]or anyone else in the class knows, Mr. Vincioni may have been moving because he had to make an early exit from the class or because he was more comfortable in the back of the room." Although Mr. Vincioni alleges this caused him great emotional anguish and embarrassment, an allegation we take as true for purposes of Appellees' motion to dismiss, we agree with the trial court that Professor Walker's conduct simply does not rise to the level of outrageous as required to sustain a claim for intentional infliction of emotional distress. We therefore affirm the trial court's dismissal of this claim.

B.

We next consider any claim fairly raised for negligent infliction of emotional distress. Tennessee courts have outlined the elements needed to properly allege this tort:

The elements of a claim for negligent infliction of emotional distress include the elements of a general negligence claim, which are duty, breach of duty, injury or loss, causation in fact, and proximate causation. In addition, the plaintiff must prove that the defendant's conduct caused a serious or severe emotional injury.

*Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 705 (Tenn. Ct. App. 2012) (quoting *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012)). Regarding this ground, Appellees argue that Mr. Vincioni failed to allege that Professor Walker owed any specific duty to him, that Professor Walker breached that duty in any way, or that Mr. Vincioni pleaded facts establishing that Professor Walker's conduct was the proximate cause of his injuries.

Here, the trial court ultimately found that Mr. Vincioni's claim for negligent infliction of emotional distress must fail. Specifically, the trial court stated that Mr. Vincioni failed to (1) "identify a specific legal duty was owed[,]" (2) "establish that Vanderbilt or any other defendant breached a duty owed to him[,]" and (3) "[plead] facts that would lead to the conclusion that his 'severe emotional distress' was a foreseeable outcome of Professor Walker asking him to move his seat." We agree that Mr. Vicnioni failed to allege any facts that support the conclusion that Professor Walker's conduct, in the totality of the circumstances, would foreseeably lead to his alleged severe emotional distress. As such, assuming *arguendo*, that duty and breach has been established by Mr. Vincioni, we conclude that Mr. Vincioni failed to allege facts to show proximate cause.[5]

A negligence claim requires proof of both causation in fact and proximate cause. *Hale v. Ostrow*, 166 S.W.3d 713, 718 (Tenn. 2005). We note that generally both causation questions are "'ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome.'" *Id.* (quoting *Haynes v. Hamilton County*, 883 S.W.2d 606, 612 (Tenn. 1994) (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991)). An analysis of proximate cause is very different than that of cause in fact, "[p]roximate cause puts a limit on the causal chain, such that, even though the plaintiff's injury would not have happened but for the defendants' breach, defendants will not be held liable for injuries that were not substantially caused by their conduct or not reasonably foreseeable results of their conduct." *Id.* at 718–19 (citing *Haynes*, 883 S.W.2d at 612). "If the injury giving rise to the action could not have been reasonable foreseen or anticipated, then there is no proximate cause and thus no liability for negligence." *Mason ex rel. Mason v. Metropolitan Government of Nashville and Davidson County*, 189 S.W.3d 217, 222 (Tenn. Ct. App. 2005) (citing *Ray Carter, Inc. v. Edwards,* 222 Tenn. 465, 436

---

[5] To be clear, we are not analyzing the issue of duty or breach of duty in this opinion. As such, we express no opinion as to whether the complaint alleges sufficient facts to make out these essential elements.

S.W.2d 864, 867 (1969)).   "'A risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable.'" *King v. Anderson Cty.*, 419 S.W.3d 232, 248 (Tenn. 2013) (quoting *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008)).

Here, considering the totality of the circumstances surrounding this case, we conclude that it was not foreseeable that Professor Walker's actions on the night in question would cause Mr. Vincioni the resulting emotional distress.[6] The uncontroverted facts contained in Mr. Vincioni's complaint are as follows:

- Mr. Vincioni attended one of Professor Walker's songwriting classes in April 2012 and was greatly inspired by one of her guest speakers.
- At some point after attending the class, Mr. Vincioni visited the guest speaker's publishing company and was not well-received.
- Mr. Vincioni continued attending Professor Walker's songwriting classes with no issue after the above incident occurred.
- On February 1, 2016, the same guest was to speak at Professor Walker's class.
- Mr. Vincioni arrived to the class early and placed his belongings in the front row of the classroom.
- Upon arrival, Professor Walker requested that Mr. Vincioni meet with her in the hallway and stated that she did not think Mr. Vincioni should attend this particular class as the guest speaker may believe that Mr. Vincioni was following him.
- Professor Walker eventually allowed Mr. Vincioni to attend the class, with the stipulation that Mr. Vincioni move from the front of the class to the back of the class and ask that he not bring any attention to himself.
- Professor Walker's accusation in the hallway and requirement that Mr. Vincioni change seats to attend class caused him great emotional anguish and embarrassment.

---

[6] We note that another essential element of negligent infliction of emotional distress is that plaintiff must prove that the defendant's conduct caused a serious or severe emotional injury. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012).  Some factors necessary in analyzing whether a person suffered a serious or severe mental injury include evidence of physiological manifestations, evidence that the plaintiff sought medical treatment, and evidence regarding the durations and intensity of the claimant's physiological symptoms.  *Id.* (listing other nonexclusive factors to consider).  Here, we have serious reservations about whether Mr. Vincioni alleged sufficient facts to show that he suffered the required serious or severe emotional injury. Although Mr. Vincioni claimed that he attended one professional therapy session regarding his emotional distress after Professor Walker's conduct and, of course, his personal testimony regarding his emotional injuries, he alleged no other facts explaining the manifestations of his symptoms.  Nevertheless, assuming that he did allege facts that supported he suffered serious or severe emotional distress, it is still our view that he failed to prove that Professor Walker's conduct was the proximate cause of his alleged injuries.

Considering these uncontroverted facts, this Court cannot conclude that Professor Walker should have anticipated the extreme emotional anguish allegedly suffered by Mr. Vincioni. Professor Walker did not publicly accuse Mr. Vincioni of any wrongdoing, nor did she publicly ask Mr. Vincioni to move seats. Furthermore, Mr. Vincioni admits that he attempted to make contact with the guest speaker outside of class, and his attempt was not well-taken by the guest speaker's publishing company. Given these facts, which we take as true, we cannot conclude that the alleged injury suffered by Mr. Vincioni was a "reasonably foreseeable probability" resulting from Professor Walker's conduct. *Id.* at 248 (quoting *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005) ("The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility.")). In other words, a reasonable person could not have anticipated that a severe emotional injury would result from the conduct alleged in this case. *See Roberts v. Robertson Cty. Bd. of Educ.*, 692 S.W.2d 863, 871 (Tenn. Ct. App. 1985) ("If the injury giving rise to the action could not have been reasonably foreseen or anticipated, then there is no proximate cause. . . . The requirement is met as long as it has been determined that the defendant could foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury occurred.") (citations omitted). In the absence of proximate cause, Mr. Vincioni has failed to allege sufficient facts to make out a prima facie case for negligent infliction of emotional distress. We therefore affirm the trial court's dismissal of Mr. Vincioni's negligent infliction of emotional distress claim.

## II.

Lastly, Mr. Vincioni claims that Vanderbilt University and Mark Wait, the Dean of the Blair School of Music, were negligent in the hiring, supervision, or retention of Professor Walker. To recover for negligent hiring, supervision, or retention of an employee in Tennessee the plaintiff must establish "in addition to elements of a negligence claim, that the employer had knowledge of the employee's unfitness for the job." *Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008). Appellees argue that there must be an underlying tort by an employee to support liability of the employer, and we generally agree with this argument. *See* 25 Causes of Action 2d 99 § 3 (2004) ("Because the employer will only be liable for injury or damage resulting from the *wrongful* act of an employee, it will also be necessary for the plaintiff to establish that the injurious act of the employee was a tort."). We, however, need not address this issue because we conclude that Mr. Vincioni failed to allege facts that Vanderbilt or Dean Wait had any knowledge of Professor Walker's alleged unfitness.

The Tennessee Supreme Court has stated that negligent hiring, supervision, and retention "'all involve essentially the same question: did the defendant have notice of the wrongdoer's propensity to commit [the wrongful act], authority to prevent the harm, and some duty of care to those who were harmed?'" *Redwing v. Catholic Bishop for*

***Diocese of Memphis***, 363 S.W.3d 436, (Tenn. 2012) (quoting  Ira C. Lupu & Robert W. Tuttle, *Sexual Misconduct and Ecclesiastical Immunity,* 2004 B.Y.U. L. Rev. 1789, 1856 n. 266 (2004) ("Lupu & Tuttle, 2004 B.Y.U. L. Rev.")).  We conclude, however, that Mr. Vincioni's complaint alleges no facts to show that Vanderbilt had notice of Professor Walker's alleged unfitness sufficient to make out a prima facie case on these claims.[7] Mr. Vincioni's failure to allege facts showing that Vanderbilt had notice of Professor Walker's unfitness is, simply put, fatal to his claims for negligent hiring, supervision, and retention. *See **PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.***, 387 S.W.3d 525, 538 (Tenn. Ct. App. 2012) (noting that while we read the pleadings in the light most favorable to the plaintiff, particularly when he or she is proceeding pro se, "we should not endeavor to create claims where none exist"). The trial court's dismissal of these claims is therefore affirmed.

CONCLUSION

The judgment of the Davidson County Circuit Court is affirmed.  The costs of this appeal are taxed to Appellant Richard Vincioni, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[7] The only facts relevant to this issue in Mr. Vincioni's complaint are as follows:

> Defendant Wait, at a scheduled meeting with Plaintiff Vincioni on 4-26-16 at Defendant Blair [School of Music], said to Plaintiff Vincioni that he felt his first obligation was to the physical and emotional well-being of the students.  Defendant [sic] Vincioni could not agree more and recognizes Defendant Wait, Defendant Vanderbilt, and Defendant Blair [School of Music] as all three being vicariously negligent and liable to Defendant [sic] Vincioni for the acts and/or omission of [Professor] Walker.

Nothing in this allegation fairly raises concerns regarding the hiring or supervision of Professor Walker. At most, this allegation concerns negligent retention of Professor Walker following the incident at issue. These facts, even if taken as true, simply do not allege that Vanderbilt had notice of Professor Walker's alleged unfitness prior to the incident at issue. Without notice of Professor Walker's unfitness at the time the incident occurred or prior thereto, Mr. Vincioni simply cannot show that Vanderbilt's decision to retain Professor Walker was negligent or that Vanderbilt's negligence in retention was the cause of Mr. Vincioni's injuries.